# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RMH FRANCHISE HOLDINGS, INC., *et al.*,[1] | Case No. 18-11092 (BLS) |
| Debtors. | (Jointly Administered) |
| DINE BRANDS GLOBAL, INC., APPLEBEE'S RESTAURANTS LLC, and APPLEBEE'S FRANCHISOR LLC, | |
| Plaintiffs, | Adv. Pro. No. 18-50481 (BLS) |
| v. | |
| RMH FRANCHISE HOLDINGS, INC., NULNK, INC., RMH ILLINOIS, LLC, RMH FRANCHISE CORP., and CONTEX RESTAURANTS, INC., | |
| Defendants, | |
| -and- | |
| BANK OF AMERICA, N.A., as Administrative Agent, Collateral Agent and L/C Issuer, and the Official Committee of Unsecured Creditors of Vasari, LLC, | |
| Intervenors. | |
| BANK OF AMERICA, N.A., as Administrative Agent, Collateral Agent and L/C Issuer, | |
| Cross-Claim Plaintiff, | |
| v. | |

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: RMH Franchise Holdings, Inc. (7150); NuLnk, Inc. (7381); RMH Illinois, LLC (0696); RMH Franchise Corporation (1807); and Contex Restaurants, Inc. (0710).  The headquarters for the above-captioned Debtors is located at One Concourse Parkway, N.E. Suite 600, Atlanta, GA 30328.

1

RMH FRANCHISE HOLDINGS, INC.,
NULNK, INC., RMH ILLINOIS, LLC, RMH
FRANCHISE CORP., and CONTEX
RESTAURANTS, INC.,
DINE BRANDS GLOBAL, INC.,
APPLEBEE'S RESTAURANTS LLC, and
APPLEBEE'S FRANCHISOR LLC,

Cross-Claim Defendants,

## ANSWER AND CROSS-COMPLAINT OF INTERVENOR BANK OF AMERICA, N.A.

Bank of America, N.A., as Administrative Agent, Collateral Agent and L/C Issuer ("Agent"), hereby files its Answer to the Complaint filed by Plaintiffs Dine Brands Global, Inc., Applebee's Restaurants LLC and Applebee's Franchisor LLC (collectively, "Plaintiffs" or "Applebee's") and its Cross-Complaint against Applebee's and Defendants RMH Franchise Holdings, Inc., NuLnk, Inc., RMH Illinois, LLC, RMH Franchise Corp. and Contex Restaurants, Inc. (collectively, "Debtors" or "Defendants"). In support hereof, Agent respectfully represents as follows:

## ANSWER

Without waiving its Affirmative Defenses (set forth below), Agent hereby answers the specific allegations contained in the Complaint as follows:

### Introduction

(a)-(d) Agent admits that Plaintiffs seek a declaratory judgment, but denies that Plaintiffs are entitled to any relief whatsoever.

### Jurisdiction and Venue

1.      Admitted.

2.      Admitted.

3.     Agent admits that this adversary proceeding involves core matters pursuant to 28 U.S.C. § 157 or Bankruptcy Rule 7001.  Agent also admits that this action arises under the Bankruptcy Code, involves property of Debtors' estates, and arises in and is related to Debtors' chapter 11 cases.  Agent denies the remaining allegations in paragraph 3.

**Parties**

4.     Admitted.

5.     Admitted.

6.     Admitted.

7.     Admitted.

8.     Admitted.

9.     Admitted.

10.     Agent admits that Applebee's is a franchisor of a nationally recognized chain of restaurants.  Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the remaining allegations in paragraph 10 of the Complaint.  To the extent that a further response is required, the remaining allegations in paragraph 10 of the Complaint are denied.

11.     Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 11 of the Complaint.  To the extent that a further response is required, the allegations in paragraph 11 of the Complaint are denied.

## Factual Allegations Applicable to All Counts For Relief

### The Franchise Agreements

12.     Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 12 of the Complaint.  To the extent that a further response is required, the allegations in paragraph 12 of the Complaint are denied.

13.     Agent states that the terms and provisions of the Franchise Agreements are the highest and best evidence of their contents and shall speak for themselves.  To the extent that a further response is required, the allegations in paragraph 13 of the Complaint are denied.

14.     Agent states that the terms and provisions of the Franchise Agreements are the highest and best evidence of their contents and shall speak for themselves.  To the extent that a further response is required, the allegations in paragraph 14 of the Complaint are denied.

15.     Agent states that the terms and provisions of the Franchise Agreements are the highest and best evidence of their contents and shall speak for themselves.  To the extent that a further response is required, the allegations in paragraph 15 of the Complaint are denied.

16.     Agent states that the terms and provisions of the Franchise Agreements are the highest and best evidence of their contents and shall speak for themselves.  To the extent that a further response is required, the allegations in paragraph 16 of the Complaint are denied.

17.     Agent states that the terms and provisions of the Franchise Agreements are the highest and best evidence of their contents and shall speak for themselves.  To the extent that a further response is required, the allegations in paragraph 17 of the Complaint are denied.

18.     Agent states that the terms and provisions of the Franchise Agreements are the highest and best evidence of their contents and shall speak for themselves.  To the extent that a further response is required, the allegations in paragraph 18 of the Complaint are denied.

19.     Agent states that the terms and provisions of the Franchise Agreements are the highest and best evidence of their contents and shall speak for themselves.  To the extent that a further response is required, the allegations in paragraph 19 of the Complaint are denied.

20.     Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 20 of the Complaint.  To the extent that a further response is required, the allegations in paragraph 20 of the Complaint are denied.

21.     Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 21 of the Complaint.  To the extent that a further response is required, the allegations in paragraph 21 of the Complaint are denied.

22.     Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 22 of the Complaint.  To the extent that a further response is required, the allegations in paragraph 22 of the Complaint are denied.

**Applebee's Notice of Default to the Defendants and Extension of the Cure Period**

23.     Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 23 of the Complaint.  Agent states that the terms and provisions of the September 20, 2017 letter are the highest and best evidence of their contents and shall speak for themselves.  To the extent that a further response is required, the allegations in paragraph 23 of the Complaint are denied.

24.      Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 24 of the Complaint.  To the extent that a further response is required, the allegations in paragraph 24 of the Complaint are denied.

25.     Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 25 of the Complaint.  Agent states that the terms and provisions of the December 18, 2017 letter are the highest and best evidence of their contents and shall speak for themselves.  To the extent that a further response is required, the allegations in paragraph 25 of the Complaint are denied.

26.     Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 26 of the Complaint.  To the extent that a further response is required, the allegations in paragraph 26 of the Complaint are denied.

27.     Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 27 of the Complaint.  Agent states that the terms and provisions of the January 19, 2018, February 8, 2018, February 26, 2018, March 12, 2018 and April 9, 2018 letters are the highest and best evidence of their contents and shall speak for themselves.  To the extent that a further response is required, the allegations in paragraph 27 of the Complaint are denied.

28.     Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 28 of the Complaint.  Agent states that the terms and provisions of the April 16, 2018 letter are the highest and best evidence of their contents and shall speak for themselves.  To the extent that a further response is required, the allegations in paragraph 28 of the Complaint are denied.

29.     Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 29 of the Complaint.  Agent states that the terms and provisions of April 16, 2018 letter are the highest and best evidence of their

contents and shall speak for themselves. To the extent that a further response is required, the allegations in paragraph 29 of the Complaint are denied.

**Pre-Petition Termination of the Franchise Agreements**

30. Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 30 of the Complaint. To the extent that a further response is required, the allegations in paragraph 30 of the Complaint are denied.

31. Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 31 of the Complaint. To the extent that a further response is required, the allegations in paragraph 31 of the Complaint are denied.

32. Agent states that the *List of 30 Largest Unsecured Claims* [Dkt. No. 28] filed in Defendants' Chapter 11 Cases is the highest and best evidence of its contents and shall speak for itself. Agent denies the remaining allegations in paragraph 32 of the Complaint.

33. Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 33 of the Complaint. Agent states that the terms and provisions of the April 25, 2018 letter are the highest and best evidence of their contents and shall speak for themselves. To the extent that a further response is required, the allegations in paragraph 33 of the Complaint are denied.

34. Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 34 of the Complaint. Agent states that the terms and provisions of the April 25, 2018 letter are the highest and best evidence of their contents and shall speak for themselves. To the extent that a further response is required, the allegations in paragraph 34 of the Complaint are denied.

35. Agent denies the allegations in paragraph 35 of the Complaint.

## The Defendants' Failure to Comply with Their Post-Termination Obligations and Applebee's Damages

36. Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 36 of the Complaint. To the extent that a further response is required, the allegations in paragraph 36 of the Complaint are denied.

37. Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 37 of the Complaint. To the extent that a further response is required, the allegations in paragraph 37 of the Complaint are denied.

38. Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 38 of the Complaint. To the extent that a further response is required, the allegations in paragraph 38 of the Complaint are denied.

39. Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 39 of the Complaint. To the extent that a further response is required, the allegations in paragraph 39 of the Complaint are denied.

40. Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 40 of the Complaint. To the extent that a further response is required, the allegations in paragraph 40 of the Complaint are denied.

41. Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 41 of the Complaint. To the extent that a further response is required, the allegations in paragraph 41 of the Complaint are denied.

**Applebee's Exercise of its Post-Termination Rights**

42.     Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 42 of the Complaint.  To the extent that a further response is required, the allegations in paragraph 42 of the Complaint are denied.

43.     Agent admits that Defendants commenced the Cases under chapter 11 of the United States Bankruptcy Code on May 8, 2018.  Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the remaining allegations in paragraph 43 of the Complaint.  To the extent that a further response is required, the remaining allegations in paragraph 43 of the Complaint are denied.

44.     Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 44 of the Complaint.  Agent states that the terms and provisions of the May 8, 2018 letter are the highest and best evidence of their contents and shall speak for themselves.  To the extent that a further response is required, the allegations in paragraph 44 of the Complaint are denied.

45.     Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 45 of the Complaint.  Agent states that the terms and provisions of the May 8, 2018 letter are the highest and best evidence of their contents and shall speak for themselves.  To the extent that a further response is required, the allegations in paragraph 45 of the Complaint are denied.

46.     Agent admits that, on May 16, 2018, Applebee's filed its Motion to Modify the Automatic Stay [Dkt. No. 91] and that the Motion remains pending.  To the extent that a response to Plaintiffs' incorporation by reference of the Stay Relief Motion is required, the

allegations in the Motion are denied. To the extent that a further response is required, the allegations in paragraph 46 of the Complaint are denied.

47.     Agent admits that, on May 23, 2018, the Court held a telephonic hearing and orally ordered Applebee's to commence an adversary proceeding to seek the relief requested in the Stay Relief Motion. Agent admits that the Court did not require that Applebee's withdraw its Stay Relief Motion.  The remaining allegations in paragraph 47 of the Complaint are denied.

## COUNT I – DECLARATORY JUDGMENT THAT THE FRANCHISE AGREEMENTS ARE NOT PROPERYT OF THE ESTATES BASE DON THEIR TERMINATION AS OF APRIL 27, 2018

48.     Agent incorporates by reference its responses to the allegations in the foregoing-mentioned paragraphs as if set forth fully herein.

49.     Agent denies the allegations in paragraph 49 of the Complaint.

50.     Agent denies the allegations in paragraph 50 of the Complaint.

51.     Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 51 of the Complaint.  To the extent that a further response is required, the allegations in paragraph 51 of the Complaint are denied.

52.     Agent denies the allegations in paragraph 52 of the Complaint.

53.     Agent denies the allegations in paragraph 53 of the Complaint.

54.     Agent denies the allegations in paragraph 54 of the Complaint.

55.     Agent denies the allegations in paragraph 55 of the Complaint.

56.     Agent denies the allegations in paragraph 56 of the Complaint.

THEREFORE, Agent respectfully requests that the Court deny the relief requested in Count I of the Complaint, dismiss the Complaint with prejudice, and grant Agent such other and further relief as the Court may deem just and appropriate.

**COUNT II – DECLARATORY JUDGMENT AS TO APPLEBEE'S TIMELY EXERCISED RIGHT TO TAKE CONTROL OF THE TEXAS AND ARIZONA RMH RESTAURANTS**

57.     Agent incorporates by reference its responses to the allegations in the foregoing-mentioned paragraphs as if set forth fully herein.

58.     Agent states that the terms and provisions of the Franchise Agreements are the highest and best evidence of their contents and shall speak for themselves. To the extent that a further response is required, the allegations in paragraph 58 of the Complaint are denied.

59.     Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 59 of the Complaint. To the extent that a further response is required, the allegations in paragraph 59 of the Complaint are denied.

60.     Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 60 of the Complaint. To the extent that a further response is required, the allegations in paragraph 60 of the Complaint are denied.

61.     Agent states that the allegations in paragraph 61 of the Complaint speak for themselves. Agent denies that Applebee's is entitled any relief whatsoever and further denies that Applebee's is entitled to compel Defendants to assign leases for the RMH Restaurants to Applebee's and to surrender the premises and restaurant contents for those RMH Restaurants. Agent submits that the relief sought by Applebee's would violate Applebee's agreements with Agent as set forth in the Franchisor Certificates and ignores Agent's properly-perfected, first-priority security interest in Defendants' assets. To the extent that a further response is required, the allegations in paragraph 61 of the Complaint are denied.

62.     Agent states that the terms and provisions of the Franchise Agreements are the highest and best evidence of their contents and shall speak for themselves. Agent is without

sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 62 of the Complaint that Applebee's is prepared to pay for the fair value of equipment, food stuffs and other personal property at the RMH Restaurants. To the extent that a further response is required, the allegations in paragraph 62 of the Complaint are denied.

THEREFORE, Agent respectfully requests that the Court deny the relief requested in Count II of the Complaint, dismiss the Complaint with prejudice, and grant Agent such other and further relief as the Court may deem just and appropriate.

## COUNT III – DECLARATORY JUDGMENT AS TO APPLEBEE'S TIMELY EXERCISED RIGHT TO TAKE CONTROL OF THE REMAINING RMH RESTAURANTS

63.     Agent incorporates by reference its responses to the allegations in the foregoing-mentioned paragraphs as if set forth fully herein.

64.     Agent states that the terms and provisions of the Franchise Agreements are the highest and best evidence of their contents and shall speak for themselves. To the extent that a further response is required, the allegations in paragraph 64 of the Complaint are denied.

65.     Agent states that the allegations in paragraph 65 of the Complaint speak for themselves. Agent denies that Applebee's is entitled any relief whatsoever and further denies that Applebee's is entitled to compel Defendants to assign leases for the RMH Restaurants to Applebee's and to surrender the premises and restaurant contents for those RMH Restaurants. Agent submits that the relief sought by Applebee's would violate Applebee's agreements with Agent as set forth in the Franchisor Certificates and ignore Agent's properly-perfected, first-priority security interest in Defendants' assets. To the extent that a further response is required, the allegations in paragraph 65 of the Complaint are denied.

66. Agent states that the terms and provisions of the Franchise Agreements are the highest and best evidence of their contents and shall speak for themselves. Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 66 of the Complaint that Applebee's is prepared to pay for the fair value of equipment, food stuffs and other personal property at the RMH Restaurants. To the extent that a further response is required, the allegations in paragraph 66 of the Complaint are denied.

67. Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 67 of the Complaint. To the extent that a further response is required, the allegations in paragraph 67 of the Complaint are denied.

68. Agent is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in paragraph 68 that Applebee's has also elected to not exercise its post-termination right to take control over the currently operating RMH Restaurants set forth on **Exhibit 18** attached to the Complaint. Agent denies the allegation that the RMH Restaurants set forth on **Exhibit 18** attached to the Complaint need to immediately de-affiliate from using the Applebee's Marks. To the extent that a further response is required, the allegations in paragraph 68 of the Complaint are denied.

THEREFORE, Agent respectfully requests that the Court deny the relief requested in Count III of the Complaint, dismiss the Complaint with prejudice, and grant Agent such other and further relief as the Court may deem just and appropriate.

## COUNT IV – DECLARATORY JUDGMENT AS TO APPLEBEE'S POST-TERMINATION RIGHTS

69. Agent incorporates by reference its responses to the allegations in the foregoing-mentioned paragraphs as if set forth fully herein.

70.     Agent states that the terms and provisions of the Franchise Agreements are the highest and best evidence of their contents and shall speak for themselves.  To the extent that a further response is required, the allegations in paragraph 70 of the Complaint are denied.

71.     Agent denies the allegations in paragraph 71 of the Complaint.

72.     Agent states that it has a properly-perfected, first-priority lien on the leases of the RMH Restaurants and Defendants' inventory, equipment and fixtures.  Agent denies that its rights with respect to the leases, inventory, equipment and fixtures may or should be resolved in another forum or settled.  To the extent that a further response is required, the allegations in paragraph 72 of the Complaint are denied.

THEREFORE, Agent respectfully requests that the Court deny the relief requested in Count IV of the Complaint, dismiss the Complaint with prejudice, and grant Agent such other and further relief as the Court may deem just and appropriate.[2]

## AFFIRMATIVE DEFENSES

Agent pleads the following defenses to Applebee's Complaint:

### First Defense

The Complaint fails to join Agent as a necessary and/or indispensable party.

### Second Defense

The Complaint fails to state a claim upon which relief can be granted.

---

[2] As to the allegation and/or statement in footnote 5 of the Complaint, Agent admits that Applebee's seeks stay relief in its pending Stay Relief Motion to enforce alleged post-termination rights against Defendants in another forum, but Agent denies that Applebee's is entitled to relief from the automatic stay or to enforce any post-termination rights against Defendants, whether in this Court or another forum.

### Third Defense

The Complaint fails to state a claim upon which relief can be granted because the relief sought by Applebee's is barred by the Franchisor Certificates executed by Agent and Applebee's.

### Fourth Defense

The Complaint fails to state a claim upon which relief can be granted because Applebee's subordinated its interests in the leases and business assets of Debtors with regard to the stores that are the subject of Franchisor Certificates executed by Agent and Applebee's.

### Fifth Defense

The Complaint fails to state a claim upon which relief can be granted because Applebee's does not have a valid or enforceable assignment of the leases.

### Sixth Defense

The Complaint fails to state a claim upon which relief can be granted because, upon information and belief, the landlords with respect to each of Debtors' leases did not execute landlord consent agreements in favor of Applebee's.

### Seventh Defense

The Complaint is barred because the Franchise Agreements were not terminated or properly terminated pre-petition.

### Eighth Defense

The Complaint is barred because the notices sent by Applebee's did not comply with the notice provisions in the Franchise Agreement, which provides:

> If Franchisee defaults in the performance or observance of any of its other obligations hereunder, and such default continues for a period of sixty (60) days after written notice to Franchisee specifying such default, Franchisor shall have the right to terminate

this Agreement upon thirty (30) days written notice to Franchisee. If Franchisee defaults in the performance or observance of the same obligation two (2) or more times within a twelve (12) month period, Franchisor shall have the right to terminate this Agreement immediately upon commission of the second act of default, upon thirty (30) days written notice to Franchisee stating the reason for such termination, without allowance for any curative period.

(Complaint, Ex. 2, § 19.1.)

### Ninth Defense

The Complaint is barred by the doctrines of waiver and estoppel.

### Tenth Defense

The Complaint is barred by the parties' course of dealing.

### Eleventh Defense

Agent hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case and hereby reserves the right to amend its Answer to assert any such defenses.

### PRAYER FOR RELIEF

WHEREFORE, Agent respectfully requests that the Court deny the relief requested in the Complaint, dismiss the Complaint with prejudice, and grant Agent such other and further relief as the Court may deem just and appropriate.

### CROSS-COMPLAINT

Having asserted its Affirmative Defenses, and without waiving same, and having answered each and every paragraph of the Complaint, Agent asserts its Cross-Complaint against Applebee's and Debtors as follows:

### Nature of the Case

1.      To secure $71 million in loans to Debtors, Agent obtained a first-priority security interest in Debtor's assets (excluding the Franchise Agreements) and obtained leasehold

mortgages and landlord consents to the Debtors' assignment of leases as set forth in more detail below. In connection with the loans, Agent and Applebee's executed franchisor certificates wherein Applebee's subordinated its interests in Debtors' leases and business assets to the Agent's interests.

2.     To "subordinate" means to be "[p]laced in or belonging to a lower rank, class, or position." Black's Law Dictionary (10th ed. 2014). Applebee's subordination of its interests is enforceable pursuant to 11 U.S.C. § 510(a), which provides that "[a] subordination agreement is enforceable in a case under this title to the same extent that such agreement is enforceable under applicable nonbankruptcy law." Thus, Applebee's position is subordinate to Agent's position and, hence, Debtors' leases and assets (excluding the franchisor certificates) cannot be sold or assigned.

3.     Notwithstanding Agent's first-priority liens and Applebee's agreement to subordinate, by and through Applebee's Complaint and Stay Relief Motion, Applebee's seeks to force Debtors' assignment of the leases to Applebee's and Debtors' liquidation of its inventory, equipment and fixtures. Agent does not consent to the assignment of the leases to Applebee's or the forced liquidation of Agent's other collateral absent payment in full of the amounts due and owing to Agent and the senior lenders. Granting the relief requested by Applebee's would not only violate the agreements to which Applebee's is a party, but would require the surrender of the Agent's collateral to an unsecured creditor under a complete departure from the priority scheme mandated by the Bankruptcy Code and a likely diminution in the value of Agent's collateral.

4.     Thus, by and through this action, Agent seeks a declaratory judgment determining the validity, priority and extent of certain liens claimed by Agent on Debtors' assets. More

particularly, Agent seeks a declaration that any rights that Applebee's has or may claim to have to Debtors' assets, other than the Franchise Agreements, are subordinate to Agent's liens and security interests on Debtors' assets and that, absent payment in full of all indebtedness owed by Debtors to Agent or Agent's consent, Applebee's cannot require, compel or demand assignment of the leases to Applebee's or require, compel or demand that Debtors sell their inventory, equipment and/or fixtures to Applebee's.

## Jurisdiction and Venue

5.      This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and Section 105 of the Bankruptcy Code, and relates to the above-captioned bankruptcy cases are currently pending before the Court.

6.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

8.      This adversary proceeding involves core matters pursuant to 28 U.S.C. § 157 and Federal Rule of Bankruptcy Procedure 7001, in that this action involves property of Debtors' estates, and involves the validity, extent and priority of Agent's liens on Debtors' property.

## Parties

9.      Plaintiff Dine Brands Global Inc. ("Dine Brands") is a Delaware corporation with its principal place of business in Glendale, California.

10.     Applebee's Restaurants LLC ("Applebee's Restaurants") is a Delaware limited liability company with its principal place of business in Glendale, California.

11.     Applebee's Franchisor LLC ("Applebee's Franchisor") is a Delaware limited liability company with its principal place of business in Glendale, California.

12.     Defendants RMH Franchise Holdings, Inc. ("RMH Holdings"), NuLnk, Inc. ("NuLnk") and RMH Illinois, LLC ("RMH Illinois") are Delaware corporations. Defendant RMH Franchise Corp. ("RMH Corp.") is a Kansas corporation. Defendant Contex Restaurants, Inc. ("Contex") is a Texas corporation. Defendants' headquarters are located in Atlanta, Georgia.

13.     Agent is a national banking association chartered pursuant to the laws of the United States of America.

## Factual Allegations
## Procedural Posture

14.     On May 8, 2018 (the "Petition Date"), Debtors commenced these chapter 11 cases. Debtors continue to manage their financial affairs as debtors in possession.

15.     On May 24, 2018, an Official Committee of Unsecured Creditors was appointed.

## The Loan

16.     RMH Holdings and RMH Corporation (collectively, "Borrower", together with RMH Illinois, "RMH"), Bank of America, N.A., as Administrative Agent, and Bank of America, N.A., Wells Fargo Bank, N.A. and Citizens Bank, N.A. (f/k/a RBS Citizens, N.A.) (collectively, "Senior Lenders") executed that certain Amended and Restated Credit Agreement dated December 20, 2013, as amended by that certain First Amendment to Amended and Restated Credit Agreement dated December 11, 2014, as amended by that certain Second Amendment to Amended and Restated Credit Agreement dated March 25, 2015, as amended by that Third Amendment to Amended and Restated Credit Agreement dated August 26, 2016, as amended by that certain Fourth Amendment to Amended and Restated Credit Agreement dated March 1, 2016, as amended by that certain Amendment to Amended and Restated Credit Agreement dated November 9, 2016 (as amended, the "Credit Agreement").

17.     As of the Petition Date, Borrower was indebted to Agent and Senior Lenders in the aggregate principal amount of $68,487,089.71, plus pre-petition interest, fees, expenses and other amounts respecting such obligations existing immediately prior to the Petition Date (the "Indebtedness").

18.     The Indebtedness is guaranteed by:

(a) That certain Guaranty Joinder Agreement dated May 2, 2013, that certain Reaffirmation of Guaranty dated December 20, 2013, and that certain Reaffirmation of Guaranty dated December 11, 2014 executed by RMH Illinois and NuLnk; and

(b) That certain Guaranty dated December 27, 2012, that certain Reaffirmation of Guaranty dated December 20, 2013, and that certain Reaffirmation of Guaranty dated December 11, 2014 executed by Contex.

**Agent's Collateral**

19.     The Indebtedness is secured by valid, enforceable, properly-perfected first-priority liens and security interests encumbering substantially all of assets of RMH, but excluding those certain Franchise Agreements between Debtors and Applebee's.

20.     Specifically, Agent holds Leasehold Mortgages, Assignments of Rents and Leases and Security Agreements and/or Landlord Consents with respect to the stores owned and/or operated by RMH as follows (collectively, the "Stores"):

| Store Number | Address | City | State | Mortgages/Deeds of Trust[3] | Landlord Consent |
|---|---|---|---|---|---|
| 87003 | 5928 SW 17th Street | Topeka | Kansas | Y | Y |
| 87061 | 3730 Village Drive | Lincoln | Nebraska | Y | Y |
| 92009 | 3209 Grand Avenue | Laramie | Wyoming | Y | Y |
| 93097 | 2901 Eaglecrest Drive | Emporia | Kansas | Y | Y |

[3] The asterisk (*) in this chart denotes sites owned or leased by RMH Illinois.

| | | | | | |
|---|---|---|---|---|---|
| 89077 | 2810 Soncy Road | Amarillo | Texas | Y | Y |
| 91090 | 6211 NW Cache Road | Lawton | Oklahoma | Y | Y |
| 94010 | 2680 West Broadway | Ardmore | Oklahoma | Y | Y |
| 94057 | 3951 N. 27th Street | Lincoln | Nebraska | Y | Y |
| 94062 | 359 Miracle Street | Evansville | Wyoming | Y | Y |
| 94085 | 721 Diers Avenue | Grand Island | Nebraska | Y | Y |
| 96041 | 1927 Cliff Davis Drive | Gillette | Wyoming | Y | Y |
| 85006 | 5760 Airport Boulevard | Mobile | Alabama | Y | Y |
| 88028 | 4940 Government Boulevard | Mobile | Alabama | Y | Y |
| 90028 | 165 East Nine Mile Road | Pensacola | Florida | Y | Y |
| 95075 | 1601 Bienville Boulevard | Ocean Springs | Mississippi | Y | Y |
| 95079 | 215 Rasberry Road | Crestview | Florida | Y | Y |
| 95026 | 6691 South Padre Island Drive | Corpus Christi | Texas | Y | Y |
| 88030 | 514 E. Expressway 83 | McAllen | Texas | Y | Y |
| 90068 | 1519 West Harrison | Harlingen | Texas | Y | Y |
| 98030 | 2919 South Main Street | Maryville | Missouri | Y | Y |
| 99056 | 3501 North Main Street | Altus | Oklahoma | Y | Y |
| 98077 | 5630 West Amarillo Blvd | Amarillo | Texas | Y | Y |
| 75033 | 1913 West Trenton Road | Edinburg | Texas | Y | Y |
| 86063 | 8670 Hwy 98 West | Destin | Florida | Y | Y |
| 97050 | 328 East 23rd Street | Columbus | Nebraska | Y | Y |
| 99005 | 6501 4th Street | Lubbock | Texas | Y | Y |
| 97009 | 5605 2nd Avenue | Kearney | Nebraska | Y | Y |
| 87012 | 1401 Dell Range Boulevard | Cheyenne | Wyoming | Y | Y |
| 77010 | 2303 Osborne Drive W. | Hastings | Nebraska | Y | Y |
| 89020 | 4025 South Loop 289 | Lubbock | Texas | Y | Y |
| 90087 | 2911 Kemp Boulevard | Wichita Falls | Texas | Y | Y |
| 85020 | 5091 Bayou Boulevard | Pensacola | Florida | Y | Y |
| 99099 | 1220 North Mississippi Avenue | Ada | Oklahoma | Y | Y |
| 77021 | 2002 N. Hwy 81 | Duncan | Oklahoma | Y | Y |
| 94074 | 2409 South McKenzie Street | Foley | Alabama | Y | Y |
| 86095 | 100 Manhattan Town Center, Suite P5 | Manhattan | Kansas | N | N |
| 88097 | 4004 Frederick Boulevard | St. Joseph | Missouri | Y | Y |
| 90039 | 102 Platte Oasis Parkway | North Platte | Nebraska | Y | Y |
| 89001 | 2621 5th Avenue | Scottsbluff | Nebraska | N | Y |
| 91072 | 6100 O Street, Suite C-318 | Lincoln | Nebraska | N | N |
| 89008 | 4601 N. 10th Street | McAllen | Texas | Y | Y |
| 89024 | 7601 San Dario | Laredo | Texas | N | N |

| | | | | | |
|---|---|---|---|---|---|
| 98050 | 2491 Foothill Boulevard | Rock Springs | Wyoming | N | Y |
| 96012 | 4619 South Lincoln Avenue | York | Nebraska | N | Y |
| 98015 | 2401 W. 95th St. | Evergreen Park | Illinois | Y* | Y |
| 98055 | 1719 River Oaks Dr. | Calumet City | Illinois | Y* | Y |
| 92033 | 2400 W. Jefferson St. | Joliet | Illinois | Y* | Y |
| 75002 | 7519 S. Cicero Ave. | Ford City | Illinois | N* | N |
| 75037 | 4029 W. 167th St. | Country Club Hills | Illinois | Y* | Y |
| 90067 | 1040 N. Kinzie Ave | Bradley | Illinois | Y* | Y |
| 90044 | 4937 West Cal Sag Road | Crestwood | Illinois | Y* | Y |
| 96000 | 1700 N. Richmond Rd | McHenry | Illinois | Y* | Y |
| 91022 | 125 S. Randall Rd. | Elgin | Illinois | N* | N |
| 91001 | 2411 Sycamore Rd. | Dekalb | Illinois | N* | N |
| 88038 | 9380 Joliet Rd. | Hodgkins | Illinois | N* | N |
| 93034 | 6656 W. Grand Ave. | Chicago | Illinois | N* | N |
| 91058 | 2795 Plainfield Rd. | Joliet | Illinois | N* | N |
| 99096 | 1507 36th St. | Peru | Illinois | N* | N |
| 96056 | 2015 Sheridan Rd. | Zion | Illinois | Y* | Y |
| 109 | 690 North Maysville Road | Mt. Sterling | Kentucky | Y | Y |
| 201 | 7383 Turfway Road | Florence | Kentucky | Y | Y |
| 206 | 4440 Glen-Este Withamsville Rd. | Cincinnati | Ohio | Y | Y |
| 210 | 3240 Towne Blvd. | Middletown | Ohio | Y | Y |
| 215 | 2810 Alexandria Pike | Highland Heights | Kentucky | Y | Y |
| 219 | 3169 Princeton Road | Hamilton | Ohio | Y | Y |
| 305 | 4425 National Road East | Richmond | Indiana | Y | Y |
| 309 | 881 West Central Avenue | Springboro | Ohio | Y | Y |
| 401 | 2755 Brice Road | Reynoldsburg | Ohio | Y | Y |
| 405 | 480 Ackerman Road | Columbus | Ohio | N | N |
| 409 | 5561 Westchester Woods Blvd. | Hilliard | Ohio | Y | Y |
| 413 | 820 North Bridge Street | Chillicothe | Ohio | Y | Y |
| 501 | 2720 West Bell Road | Phoenix | Arizona | Y | Y |
| 505 | 8001 W. Bell Road | Peoria | Arizona | Y | Y |
| 511 | 1881 East Highway 69 | Prescott | Arizona | Y | N |
| 515 | 1143 North Higley Road | Mesa | Arizona | Y | Y |
| 521 | 9330 West Northern Avenue | Glendale | Arizona | Y | Y |
| 603 | 2230 West Ina Rd. | Tucson | Arizona | Y | Y |
| 702 | 201 South Hermitage Road | Hermitage | Pennsylvania | Y | Y |
| 102 | 4009 Nicholasville Rd,.Bl.B | Lexington | Kentucky | N | N |
| 106 | 1525 West Lexington Ave. | Winchester | Kentucky | Y | Y |

| | | | | | |
|---|---|---|---|---|---|
| 110 | 1500 Oxford Drive | Georgetown | Kentucky | N | Y |
| 203 | 10635 Techwood Circle | Blue Ash | Ohio | Y | Y |
| 207 | 30 Crestview Hills Mall Rd. | Crestview Hills | Kentucky | Y | Y |
| 216 | 5331 Pleasant Avenue | Fairfield | Ohio | N | N |
| 301 | 105 N. Springboro Pike | West Carrollton | Ohio | Y | Y |
| 306 | 1759 West Main Street | Troy | Ohio | Y | Y |
| 310 | 221 Vandemark Road | Sidney | Ohio | Y | Y |
| 406 | 1615 River Valley Circle North | Lancaster | Ohio | Y | Y |
| 410 | 1161 Polaris Parkway | Columbus | Ohio | Y | Y |
| 415 | 1099 Delaware Avenue | Marysville | Ohio | Y | Y |
| 502 | 6259 E. Southern Ave. | Mesa | Arizona | Y | Y |
| 506 | 1655 West Elliot Road | Tempe | Arizona | N | Y |
| 512 | 5880 West Peoria Ave | Glendale | Arizona | Y | Y |
| 516 | 13832 West McDowell Road | Goodyear | Arizona | N | N |
| 522 | 4712 E. Ray Road | Gilbert | Arizona | N | N |
| 526 | 5210 West Baseline Road | Laveen | Arizona | N | N |
| 604 | 4625 East Grant Road | Tucson | Arizona | Y | Y |
| 703 | 6691 South Avenue | Boardman | Ohio | Y | Y |
| 103 | 1307 US 127 South | Frankfort | Kentucky | Y | Y |
| 107 | 1856 Alysheba Way | Lexington | Kentucky | Y | Y |
| 111 | 300 Skywatch Drive | Danville | Kentucky | Y | Y |
| 204 | 9660 Mason-Montgomery Rd. | Mason | Ohio | Y | Y |
| 208 | 700 Washington Blvd. N.W. | Hamilton | Ohio | Y | Y |
| 213 | 8565 Winton Road | Cincinnati | Ohio | N | N |
| 217 | 7920 Beechmont Avenue | Cincinnati | Ohio | Y | Y |
| 303 | 8331 Old Troy Pike | Huber Heights | Ohio | N | N |
| 307 | 6242 Wilmington Pike | Dayton | Ohio | Y | Y |
| 311 | 1795 Delco Park Drive | Kettering | Ohio | Y | Y |
| 403 | 967 Hebron Road | Heath | Ohio | Y | Y |
| 407 | 3894 Morse Road | Columbus | Ohio | Y | Y |
| 411 | 1590 Georgesville Square Rd. | Columbus | Ohio | Y | Y |
| 503 | 2053 S. Alma School Road | Mesa | Arizona | Y | Y |
| 508 | 2547 North 44th Street | Phoenix | Arizona | Y | Y |
| 513 | 909 East Broadway Road | Tempe | Arizona | Y | Y |
| 517 | 13756 Bell Road | Surprise | Arizona | Y | Y |
| 601 | 565 East Wetmore | Tucson | Arizona | Y | Y |
| 605 | 3899 El Mercado Loop | Sierra Vista | Arizona | Y | Y |
| 104 | 853 Eastern By-Pass | Richmond | Kentucky | Y | Y |
| 108 | 121 North Plaza Drive | Nicholasville | Kentucky | Y | Y |

| | | | | | |
|---|---|---|---|---|---|
| 112 | 1761 Sharkey Way | Lexington | Kentucky | Y | Y |
| 205 | 5050 Crookshank | Cincinnati | Ohio | Y | Y |
| 209 | 9595 Colerain Ave. | Cincinnati | Ohio | Y | Y |
| 214 | 6084 Mulhauser Road | West Chester | Ohio | Y | Y |
| 218 | 175 Wal-Mart Way | Maysville | Kentucky | Y | Y |
| 304 | 1800 West First Street | Springfield | Ohio | Y | N |
| 312 | 1991 Harner Drive | Xenia | Ohio | Y | Y |
| 408 | 1514 Mt. Vernon Ave. | Marion | Ohio | Y | Y |
| 412 | 2020 Stringtown Road | Grove City | Ohio | Y | Y |
| 504 | 2032 E. Baseline Road | Mesa | Arizona | Y | Y |
| 509 | 2 East Camelback Road | Phoenix | Arizona | Y | Y |
| 520 | 2180 East Baseline Road | Phoenix | Arizona | Y | Y |
| 524 | 2501 W. Happy Valley Rd, Ste 48 | Phoenix | Arizona | N | N |
| 602 | 5870 East Broadway | Tucson | Arizona | N | N |
| 701 | 904 Great East Plaza | Niles | Ohio | N | N |
| 077073 | 1829 W Expressway 83 | Weslaco | Texas | Y | Y |
| TBD | 306 E. Mile Road | Palmhurst | Texas | Y | Y |
| TBD | 625 Cabela Drive | Sidney | Nebraska | Y | N/A |
| TBD | 1001 Westside Drive | Durant | Oklahoma | Y | Y |
| TBD | 21398 S. Ellsworth Loop Road | Queen Creek | Arizona | Y | N/A |
| 100 | 10719 International Boulevard | Laredo | Texas | Y | Y |
| 99 | 2912 Boca Chica Blvd. | Brownsville | Texas | Y | Y |
| 98018 | 4515 Lincoln Way East | Mishawaka | Indiana | Y | N/A |
| 96093 | 202 East Jacob Avenue | Angola | Indiana | N | N |
| 95074 | 507 Ley Drive | Auburn | Indiana | N | N |
| 88039 | 4510 N. Clinton Road | Ft. Wayne | Indiana | N | N |
| 87095 | 5788 Coventry Lane | Ft. Wayne | Indiana | N | N |
| 90075 | 3241 Interchange Drive | Elkhart | Indiana | N | N |
| 97025 | 5414 Meijer Drive | Ft. Wayne | Indiana | N | N |
| 94003 | 1807 Rieth Road | Goshen | Indiana | N | N |
| 94058 | 346 Hauenstein Road | Huntington | Indiana | N | N |
| 95053 | 602 Fairview Blvd | Kendallville | Indiana | N | N |
| 92098 | 6525 Lima Road | Ft. Wayne | Indiana | N | N |
| 91060 | 8425 Broadway | Merriville | Indiana | N | N |
| 90026 | 6615 N. Main Street | Granger | Indiana | N | N |
| 93030 | 330 Ridge Road | Munster | Indiana | N | N |
| 94079 | 2225 N. Oak Road | Plymouth | Indiana | N | N |
| 94084 | 6211 US Highway 6 | Portage | Indiana | N | N |

| | | | | | |
|---|---|---|---|---|---|
| 87029 | 650 W. Lincoln Highway | Schererville | Indiana | N | N |
| 93024 | 1150 Ireland Road | South Bend | Indiana | N | N |
| 94070 | 3703 Portage Road | South Bend, | Indiana | N | N |
| 89094 | 670 Morthland | Valparaiso | Indiana | N | N |
| 93087 | 2621 E. Center Street | Warsaw | Indiana | N | N |
| 90051 | 266 E. Alexis Road | Toledo | Ohio | N | N |
| 95090 | 1003 N. Clinton Street | Defiance | Ohio | N | N |
| 90091 | 531 Dussel Drive | Maumee | Ohio | N | N |
| 93010 | 2531 Tiffin Avenue | Findlay | Ohio | N | N |
| 95045 | 2200 N. St. Rt. 53 | Fremont | Ohio | N | N |
| 91081 | 3296 Elida Road | Lima | Ohio | N | N |
| 99032 | 1925 Roschman  Ave. | Lima | Ohio | N | N |
| 91049 | 4702 Monroe Street | Toledo | Ohio | N | N |
| 97040 | 3007 Curtice Road | Northwood | Ohio | N | N |
| 97002 | 7340 Central Avenue | Toledo | Ohio | N | N |

21.     In connection with the loan to Borrower, Agent filed UCC Financing Statements against RMH as follows:

(a) Blanket UCC Financing Statement filed on December 31, 2012, as File No. 6959050 with the Secretary of State of Kansas against RMH Corporation;

(b) Blanket UCC Financing Statement filed on December 31, 2012, as File No. 20130123308 with the Secretary of State of Delaware against RMH Holdings; and

(c) Blanket UCC Financing Statement filed on December 2, 2013, as File No. 20134817681 with the Secretary of State of Delaware against RMH Illinois.

22.     In addition, Agent recorded UCC Financing Statements in the real estate records with respect to each of the Stores.

**The Franchisor Certificates and Applebee's Subordination of Its Interests**

23.     In connection with the loan to Borrower, Applebee's and Agent executed franchisor certificates.

24.     Specifically, on or about December 27, 2012, Applebee's International, Inc. and Agent executed that certain Franchisor Certificate (the "Dec. 2012 Franchisor Certificate").  (A true and correct copy of the Dec. 2012 Franchisor Certificate is attached hereto as **Exhibit A**.)

25.     On or about July 19, 2013, Applebee's International, Inc. and Agent executed that certain Franchisor Certificate (the "July 2013 Franchisor Certificate").  (A true and correct copy of the July 2013 Franchisor Certificate is attached hereto as **Exhibit B**.)

26.     On or about December 17, 2013, Applebee's International, Inc. and Agent executed that certain Franchisor Certificate, as amended by that certain First Modification to Franchisor Certificate dated March 2, 2015 (as amended, the "Dec. 2013 Franchisor Certificate").  (A true and correct copy of the Dec. 2013 Franchisor Certificate is attached hereto as **Exhibit C**.)

27.     On or about October 28, 2015, Applebee's Franchisor and Agent executed that certain Franchisor Certificate (the "Oct. 2015 Franchisor Certificate").  (A true and correct copy of the Oct. 2015 Franchisor Certificate is attached hereto as **Exhibit D**, together with the Dec. 2012, July 2013 and Dec. 2013 Franchisor Certificates, the "Franchisor Certificates".)

28.     All of the Stores operated by Debtors are the subject of a Franchisor Certificate, except for the following Stores (the "Excluded Stores"):

| Store Number | Address | City | State |
|---|---|---|---|
| TBD | 306 E. Mile Road | Palmhurst | Texas |
| TBD | 625 Cabela Drive | Sidney | Nebraska |
| TBD | 1001 Westside Drive | Durant | Oklahoma |
| 100 | 10719 International Boulevard | Laredo | Texas |
| 99 | 2912 Boca Chica Blvd. | Brownsville | Texas |

29.     In each of the Franchisor Certificates, Applebee's agreed as follows:

The Company [Applebee's] hereby (i) subordinates its interest in the leases and business assets of Franchisee with regard to the Premises to the pledge of these assets by Franchisee to the Administrative Agent and (ii) waives any option to purchase (if any) such assets with regard to the Administrative Agent's foreclosure, taking of a deed in lieu of foreclosure, taking an assignment in lieu of foreclosure or a replevin action, provided, however, the Administrative Agent's transfer of the Premises thereafter (a) will be subject to the rights of the Company as set forth in Section 12.7 of the Franchise Agreements as if the Administrative Agent was the Principal Shareholders (as defined in the Franchise Agreements) or the Franchisee and (b) no lease will be assigned unless assigned to the buyer of the assets of the Premises in a transaction subject to Section 12.7 of the Franchise Agreements. To the extent that the lease of any of the Premises requires Company consent to (i) the assignment of such lease to Administrative Agent or (ii) the granting of a new lease to Administrative Agent subsequent to termination of such lease, Company hereby grants such consent.

(Franchisor Certificates, ¶ B.)

30.     Applebee's expressly consented to RMH granting Agent a security interest, lien and/or mortgage in the Stores as collateral security for the loan. (Franchisor Certificates, ¶ C.)

31.     Accordingly, any rights that Applebee's has or may have with respect to Debtors' assets, including leases, inventory, fixtures, furniture and/or equipment (but excluding the Franchise Agreements), are subordinate to Agent's liens and security interests therein.

## COUNT I
## DECLARATORY JUDGMENT THAT AGENT HOLDS A
## VALID, PERFECTED AND ENFORCEABLE FIRST-PRIORITY SECURITY
## INTEREST IN DEFENDANTS' ASSETS

32.     The allegations contained in paragraphs 1 through 31 of Agent's Cross-Complaint are incorporated by reference as if fully set forth herein.

33.     Agent holds valid, perfected and enforceable first-priority liens and security interests against all assets (excluding the Franchise Agreements) of RMH, which secure the Indebtedness owed to Agent and Senior Lenders.

34.     Agent's liens on and security interests in the assets of RMH, including without limitation, leases, inventory, fixtures, furniture and/or equipment (but excluding the Franchise Agreements), are superior to any rights that Applebee's has or may have in RMH's assets.

THEREFORE, the Court should find and declare that Agent holds a properly-perfected, first-priority lien and security interest on all assets of RMH (excluding the Franchise Agreements).

## COUNT II
## DECLARATORY JUDGMENT THAT ANY RIGHTS THAT
## APPLEBEE'S HAS OR MAY HAVE WITH RESPECT TO DEBTORS' ASSETS
## ARE SUBORDINATE TO THE AGENT'S LIENS AND SECURITY INTERESTS

35.     The allegations contained in paragraphs 1 through 31 of Agent's Cross-Complaint are incorporated by reference as if fully set forth herein.

36.     Agent holds valid, perfected and enforceable first-priority liens and security interests against all assets (excluding the Franchise Agreements) of RMH, which secure the Indebtedness owed to Agent and Senior Lenders.

37.    In connection with the loan to Borrower, Applebee's and Agent executed the Franchisor Certificates. The Franchisor Certificates cover all of the Stores, except for the five (5) Excluded Stores.

38.    In the Franchisor Certificates, Applebee's subordinated its interests in Debtors' leases and business assets (excluding the Franchise Agreements) to the Agent's interests.

39.    Applebee's subordination of its interests in the leases and Debtors' assets to Agent's interests therein is enforceable under 11 U.S.C. § 510(a).

THEREFORE, the Court should find and declare that:

(a)    Any rights that Applebee's has or may claim to have to Debtors' assets, other than the Franchise Agreements, are subordinate to Agent's liens and security interests on Debtors' assets; and

(b)    That, absent payment in full of all indebtedness owed by Debtors to Agent and Senior Lenders, Applebee's cannot require the sale or assignment of the leases to Applebee's or compel Debtors to sell or assign their inventory, equipment, fixtures or other assets to Applebee's.

## PRAYER FOR RELIEF

WHEREFORE, Agent respectfully requests that the Court enter declaratory judgments in its favor as follows:

(a)    Declaring that Agent holds a properly-perfected, first-priority lien and security interest on all assets of RMH (other than the Franchise Agreements);

(b)     Declaring that any rights that Applebee's has or may claim to have to Debtors' assets, other than the Franchise Agreements, are subordinate to Agent's liens and security interests on Debtors' assets; and

(c)     Declaring that, absent payment in full of all indebtedness owed by Debtors to Agent, Applebee's cannot require the sale or assignment of the leases to Applebee's or compel Debtors to sell or assign their inventory, equipment, fixtures or other assets to Applebee's.; and

(d)     Granting Agent such other and further relief as the Court finds just and proper.

Dated: June 21, 2018.
     Wilmington, Delaware

**BUCHANAN INGERSOLL & ROONEY PC**

*/s/ Geoffrey G. Grivner*
Geoffrey G. Grivner (No. 4711)
Mary F. Caloway (No. 3059)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile:  (302) 552-4295
Email: geoffrey.grivner@bipc.com
     mary.caloway@bipc.com

-and-

**MORRIS, MANNING & MARTIN, LLP**
Frank W. DeBorde (admitted *pro hac*)
Lisa Wolgast (admitted *pro hac*)
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile:  (404) 365-9532
Email: fwd@mmmlaw.com
     lwolgast@mmmlaw.com

*Counsel for Bank of America, N.A., as Administrative Agent, Collateral Agent and Letter of Credit Issuer*

## CERTIFICATE OF SERVICE

I, Mary F. Caloway, do hereby certify that, on this day, I caused a true and correct copy of the foregoing objection to be served on the parties listed on **Exhibit A** in the manner indicated thereon.

Dated: June 21, 2018.
Wilmington, Delaware

**BUCHANAN INGERSOLL & ROONEY PC**

*/s/ Geoffrey G. Grivner*
Geoffrey G. Grivner (No. 4711)

## EXHIBIT A

**Served via e-mail:**

M. Blake Cleary, Esq.
Kenneth J. Enos, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 North King Street, Rodney Square
Wilmington, Delaware 19801
mbcleary@ycst.com
kenos@ycst.com
*Proposed counsel for the Debtors*

Laura Davis Jones
Timothy P. Cairns
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899
ljones@pszjlaw.com
tcairns@pszjlaw.com
*Counsel for Plaintiffs*

Eric R Wilson, Esq.
Jason R. Adams, Esq.
Lauren S. Schlussel, Esq.
Maeghan J. McLoughlin, Esq.
Kelley Drye & Warren LLP
101 Park Avenue, 27th Floor
New York, New York 10178
ewilson@kelleydrye.com
jadams@kelleydrye.com
lschlussel@kelleydrye.com
mmcloughlin@kelleydrye.com
*Proposed Co-Counsel for the Official
Committee of Unsecured Creditors*

Joel Siegel
Samuel Maizel
Dentons US LLP
601 S. Figueroa Street
Suite 2500
Los Angeles, California 90017
*Counsel for Plaintiffs*

Robert Richards
Geoffrey Miller
Dentons US LLP
233 South Wacker Drive
Suite 5900
Chicago, Illinois 60606
robert.richards@dentons.com
geofrfrey.miller@dentons.com
*Counsel for Plaintiffs*