# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RMH Franchise Holdings, Inc., *et al.*,[1] | ) | Case No. 18-11092 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| DINE BRANDS GLOBAL, INC., | ) | |
| APPLEBEE'S RESTAURANTS LLC, | ) | |
| and APPLEBEE'S FRANCHISOR LLC | ) | Adv. Pro. No. 18-50481 (BLS) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RMH FRANCHISE HOLDINGS, INC., | ) | |
| NULNK, INC., RMH ILLINOIS, LLC, | ) | |
| RMH FRANCHISE CORP., and | ) | |
| CONTEX RESTAURANTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| - and - | ) | |
| | ) | |
| THE OFFICIAL COMMITTEE OF | ) | |
| UNSECURED CREDITORS, | ) | |
| | ) | |
| Intervenor Defendant. | ) | |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
## ANSWER TO COMPLAINT AND COUNTERCLAIMS

Intervenor defendant, the Official Committee of Unsecured Creditors (the "Committee") of RMH Franchise Holdings, Inc., *et al.*, debtors and debtors-in-possession (the "Debtors") in the above-captioned jointly administered Chapter 11 proceedings, by and through its proposed

---
[1] The Debtors in these cases are: RMH Franchise Holdings, Inc.; RMH Franchise Corporation; NuLnk, Inc.; RMH Illinois, LLC; and Contex Restaurants, Inc.

undersigned counsel, as and for its answer to the complaint (the "Complaint") of plaintiffs Dine Brands Global, Inc., Applebee's Restaurants LLC and Applebee's Franchisor LLC (collectively, "Applebee's") in the above-captioned adversary proceeding hereby states as follows:[2]

1. The Committee admits the allegations set forth in paragraph 1 of the Complaint.

2. The Committee admits the allegations set forth in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states legal conclusions and a reservation of rights to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

4. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

---

[2] Footnote two of the Complaint states certain reservations of rights and legal conclusions to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

9. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint and respectfully refers to the list referenced therein for the full and complete contents thereof.

10. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and respectfully refers to the Franchise Agreements[3] and Form Franchise Agreement referenced therein for the full and complete contents thereof.

13. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint and respectfully refers to the Franchise Agreements and Form Franchise Agreement referenced therein for the full and complete contents thereof.

14. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint and respectfully refers to the Franchise Agreements and Form Franchise Agreement referenced therein for the full and complete contents thereof.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Complaint.

15. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint and respectfully refers to the Franchise Agreements and the Form of Applebee's Restaurant Franchisee Lease Rider referenced in paragraph 15 for the full and complete contents thereof.

16. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and respectfully refers to the Franchise Agreements and Form Franchise Agreement referenced therein for the full and complete contents thereof.

17. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint and respectfully refers to the Franchise Agreements and Form Franchise Agreement referenced therein for the full and complete contents thereof.

18. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint and respectfully refers to the Franchise Agreements and Form Franchise Agreement referenced therein for the full and complete contents thereof.

19. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint and respectfully refers to the Franchise Agreements and the Form Franchise Agreement referenced therein for the full and complete contents thereof.

20. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint and respectfully refers to the Notice of Default referenced therein for the full and complete contents thereof.

24. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint and respectfully refers to the letter referenced therein for the full and complete contents thereof.

26. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint and respectfully refers to the Additional Extension Letters referenced therein for the full and complete contents thereof.

28. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint and respectfully to the April 16, 2018 Letter referenced therein for the full and complete contents thereof.

29. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint and respectfully refers to the Last Extension Letter referenced therein for the full and complete contents thereof.

30. With respect to the allegations set forth in paragraph 30 of the Complaint, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein except to state that the allegation regarding the termination of the Franchise Agreements referenced therein states a legal conclusion to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of said allegation.

31. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. With respect to the allegations set forth in paragraph 32 of the Complaint, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein except to admit that the Debtors filed their *Amended List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* [Main Case, Docket No. 28] and listed Applebee's as having an unsecured claim of $14,276,476.40.

33. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint and respectfully refers to the Forbearance Notice referenced therein for the full and complete contents thereof.

34. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint and respectfully refers to the Forbearance Notice referenced therein for the full and complete contents thereof.

35. With respect to the allegations set forth in paragraph 35 of the Complaint, the Committee denies knowledge or information sufficient to form a belief as to the truth of those allegations and respectfully refers to the Forbearance Notice and Franchise Agreements referenced therein for the full and complete contents thereof. The Committee further states that

any allegation regarding the termination of the referenced Franchise Agreements states a legal conclusion to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of said allegation.

36. With respect to the allegations set forth in paragraph 36 of the Complaint, the Committee denies knowledge or information sufficient to form a belief as to the truth of those allegations and respectfully refers to the Franchise Agreements referenced therein for the full and complete contents thereof. The Committee further states that any allegation regarding the termination of the referenced Franchise Agreements states a legal conclusion to which no response from the Committee is required. To the extent a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of said allegation.

37. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint states legal conclusions to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

40. Paragraph 40 of the Complaint states legal conclusions to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

41. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint except to admit that the defendants commenced the referenced bankruptcy cases on May 8, 2018.

44. With respect to the allegations set forth in paragraph 44 of the Complaint, the Committee denies knowledge or information sufficient to form a belief as to the truth of those allegations and respectfully refers to the Termination Confirmation Letter referenced therein from the full and complete contents thereof. The Committee further states that any allegation regarding the termination of the referenced Franchise Agreements states a legal conclusion to which no response from the Committee is required. To the extent a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of said allegation.

45. With respect to the allegations set forth in paragraph 45 of the Complaint, the Committee denies knowledge or information sufficient to form a belief as to the truth of those allegations and respectfully refers to the May Forbearance Notice and Forbearance Notice referenced therein for the full and complete contents thereof. The Committee further states that any allegation regarding the termination of the subject Franchise Agreements states a legal conclusion to which no response from the Committee is required. To the extent a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of said allegation.

46. The Committee admits the allegations set forth in paragraph 46 of the Complaint.

47. With respect to the allegations set forth in paragraph 47 of the Complaint, the Committee admits that the hearing referenced therein was held on May 23, 2018 and respectfully refers to the transcript of same with respect to what the Court directed Applebee's to do at said hearing.

## COUNT I

48. With respect to paragraph 48 of the Complaint, the Committee repeats and realleges its response to paragraphs 1 through 47 as if fully set forth herein.

49. With respect to the allegations set forth in paragraph 49 of the Complaint, the Committee denies knowledge or information sufficient to form a belief as to the truth of those allegations and respectfully refers to the Notice of Default and the Last Extension Letter referenced therein for the full and complete contents thereof. The Committee further states that any allegation regarding default states a legal conclusion to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of said allegation.

50. Paragraph 50 of the Complaint states legal conclusions to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

51. Paragraph 51 of the Complaint states legal conclusions to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

52. Paragraph 52 of the Complaint states legal conclusions to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

53. Paragraph 53 of the Complaint states legal conclusions to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

54. Paragraph 54 of the Complaint states legal conclusions to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

55. Paragraph 55 of the Complaint states legal conclusions to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

56. Paragraph 56 of the Complaint states legal conclusions to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

The allegations in the THEREFORE sentence following paragraph 56 are legal conclusions to which no response is required.

## COUNT II

57. With respect to paragraph 57 of the Complaint, the Committee repeats and realleges its responses to paragraphs 1 through 56 as if fully set forth herein.

58. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint and respectfully refers to the Franchise Agreements referenced therein for the full and complete contents thereof.

59. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint.

60. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint and respectfully refers to the Termination Confirmation Letter referenced therein for the full and complete contents thereof.

61. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint except to admit that therein Applebee's purports to advise of its election to take back certain restaurants identified on the exhibit referenced therein.

62. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint except to admit that therein Applebee's purports to be prepared to pay for the fair value of certain equipment pursuant to the agreements referenced therein.

The allegations in the THEREFORE sentence following paragraph 62 are legal conclusions to which no response is required.

## COUNT III

63. With respect to paragraph 63 of the Complaint, the Committee repeats and realleges its responses to paragraphs 1 through 62 as if fully set forth herein.

64. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint and respectfully refers to the Franchise Agreements referenced therein for the full and complete contents thereof.

65. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint except to admit that therein Applebee's purports to advise of its election to take back certain restaurants listed on the exhibit referenced therein.

66. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint except to admit that therein Applebee's purports to be prepared to pay the fair market value for certain property.

67. With respect to the allegations set forth in paragraph 67 of the Complaint, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein except to admit that therein Applebee's states that it has elected not to exercise a purported right.

68. With respect to the allegations set forth in paragraph 68 of the Complaint, the Committee denies knowledge or information sufficient to form a belief as to the truth of allegations set forth therein except to admit that therein Applebee's states that it has elected not to exercise a purported right.

The allegations in the THEREFORE sentence following paragraph 68 are legal conclusions to which no response is required.

## COUNT IV

69. With respect to paragraph 69 of the Complaint, the Committee repeats and realleges its responses to paragraphs 1 through 68 as if fully set forth herein.

70. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint and respectfully refers to the Franchise Agreements referenced therein for the full and complete contents thereof.

71. Paragraph 71 of the Complaint states legal conclusions to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

72. Paragraph 72 of the Complaint states legal conclusions to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

The allegations in the THEREFORE sentence following paragraph 72 are legal conclusions to which no response is required.

The Request for Relief paragraph of the Complaint requests relief and states legal conclusions to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## AFFIRMATIVE DEFENSES

The Committee, for its affirmative defenses against Applebee's, alleges as follows:

1. The Committee incorporates by reference and joins in the allegations and all defenses found in the Debtors' affirmative defenses as set forth in the *Debtors' Answer and*

*Counterclaims to Applebee's Complaint* (the "Answer") [Docket No. 7] as if fully asserted herein. To the extent that the Debtors fail to pursue any affirmative defenses, the Committee reserves the right to seek leave of the Court to pursue and assert such affirmative defenses on behalf and for the benefit of the bankruptcy estates.

## COUNTERCLAIMS

The Committee, for its counterclaims against Applebee's, alleges as follows:

1. The Committee incorporates by reference and joins in the allegations and all claims for relief found in the Debtors' counterclaims against Applebee's as set forth in the Answer as if fully asserted herein. To the extent that the Debtors fail to prosecute any counterclaims, the Committee reserves the right to seek leave of the Court to pursue and prosecute such counterclaims on behalf and for the benefit of the bankruptcy estates.

## STATEMENT PURSUANT TO DEL. BANKR. L.R. 7012-1

The Committee consents to the entry of final orders or judgements with respect to the Complaint and the counterclaims alleged and incorporated herein.

**WHEREFORE**, the Committee respectfully requests that the Court enter judgment in its favor and against Applebee's as follows:

1. Dismissing the Complaint in its entirety and with prejudice; and

2. Awarding such other and further relief as the Court deems just and proper.

Dated: June 22, 2018

BAYARD, P.A.

*/s/ Erin R. Fay*
Justin R. Alberto (No. 5126)
Erin R. Fay (No. 5268)
Evan T. Miller (No. 5364)
600 N. King Street, Suite 400
Wilmington, DE 19801
Tel: (302) 655-5000
Fax: (302) 658-6395
Email: jalberto@bayardlaw.com
efay@bayardlaw.com
emiller@bayardlaw.com

-and-

KELLEY DRYE & WARREN LLP

Eric R. Wilson (admitted *pro hac vice*)
Jason R. Adams (admitted *pro hac vice*)
Lauren S. Schlussel (admitted *pro hac vice*)
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

*Proposed Counsel to the Official Committee of Unsecured Creditors of RMH Franchise Holdings, Inc., et al.*