# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RMH Franchise Holdings, Inc., *et al.*,[1] | ) | Case No. 18-11092 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| DINE BRANDS GLOBAL, INC., | ) | |
| APPLEBEE'S RESTAURANTS LLC, | ) | |
| and APPLEBEE'S FRANCHISOR LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RMH FRANCHISE HOLDINGS, INC., | ) | |
| NULNK, INC., RMH ILLINOIS, LLC, | ) | |
| RMH FRANCHISE CORP., and | ) | |
| CONTEX RESTAURANTS, INC. | ) | Adv. Proc. No. 18-50481 (BLS) |
| | ) | |
| Defendants, | ) | |
| | ) | |
| - and- | ) | |
| | ) | |
| BANK OF AMERICA, N.A., as | ) | |
| Administrative Agent, Collateral Agent | ) | |
| and L/C Issuer, | ) | |
| | ) | |
| Intervenors. | ) | |
| | ) | |
| | ) | |
| BANK OF AMERICA, N.A., as | ) | |
| Administrative Agent, Collateral Agent | ) | |
| and L/C Issuer, | ) | |
| | ) | |
| Cross-Claim Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |

---

[1] The Defendants and the last four digits of their respective taxpayer identification numbers are as follows: RMH Franchise Holdings, Inc. (7150); NuLnk, Inc. (7381); RMH Illinois, LLC (0696); RMH Franchise Corp. (1807); Contex Restaurants, Inc. (0710). The headquarters for the above-captioned Defendants is located at One Concourse Parkway, N.E., Suite 600, Atlanta, GA 30328.

| | |
|---|---|
| RMH FRANCHISE HOLDINGS, INC., | ) |
| NULNK, INC., RMH ILLINOIS, LLC, | ) |
| RMH FRANCHISE CORP., | ) |
| CONTEX RESTAURANTS, INC. | ) |
| DINE BRANDS GLOBAL, INC., | ) |
| APPLEBEE'S RESTAURANTS LLC, | ) |
| and APPLEBEE'S FRANCHISOR LLC | ) |
| | ) |
| Cross-Claim Defendants. | ) |
| | ) |

## PLAINTIFFS' ANSWER TO CROSS-CLAIM OF BANK OF AMERICA, N.A.

Dine Brands Global Inc., the ultimate parent company, along with Applebee's Restaurants LLC and Applebee's Franchisor LLC (collectively, "Applebee's" or "Plaintiffs") answers the cross-claims (the "Cross-Claims") of Bank of America, N.A., as Administrative Agent, Collateral Agent and L/C Issuer ("Agent" or "Cross-Claimant"), as follows:

### Nature of Case

1. States that the allegations contained in paragraph 1 of the Cross-Claims form legal conclusions for which no response is required.

2. States that the allegations contained in paragraph 2 of the Cross-Claims form legal conclusions for which no response is required.

3. Denies each allegation of paragraph 3 of the Cross-Claims with regard to the Plaintiff's motives for filing the Complaint. States that the remaining allegations contained in paragraph 3 of the Cross-Claim form legal conclusions for which no response is required.

4. Denies each and every allegation of paragraph 4 of the Cross-Claims and respectfully refers the Court to the Credit Agreement, Franchisor Certificates and other related agreements for their terms. To the extent any interpretation of the Franchisor Certificates other than their plain meaning is implied or alleged, denies such allegations.

## Jurisdiction and Venue

5. States that the allegations contained in paragraph 5 of the Cross-Claims form legal conclusions for which no response is required.

6. States that the allegations contained in paragraph 6 of the Cross-Claims form legal conclusions for which no response is required.

7. States that the allegations contained in paragraph 7 of the Cross-Claims form legal conclusions for which no response is required.

8. States that the allegations contained in paragraph 8 of the Cross-Claims form legal conclusions for which no response is required.

## Parties

9. Admits the allegations of paragraph 9 of the Cross-Claims.

10. Admits the allegations of paragraph 10 of the Cross-Claims.

11. Admits the allegations of paragraph 11 of the Cross-Claims.

12. Admits the allegations of paragraph 12 of the Cross-Claims.

13. Admits the allegations of paragraph 13 of the Cross-Claims.

## Factual Allegations

### Procedural Posture

14. Admits the allegations of paragraph 14 of the Cross-Claims.

15. Admits the allegations of paragraph 15 of the Cross-Claims.

### The Loan

16. As the Plaintiffs are not parties to the Credit Agreement, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Cross-Claims and respectfully refers the Court to the Credit Agreement for its terms. To the

extent any interpretation of the Credit Agreement other than its plain meaning is implied or alleged, denies such allegations.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Cross-Claims.

18. As the Plaintiffs are not parties to the Credit Agreement and related documents referenced in paragraph 18 of the Cross-Claims, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Cross-Claims and respectfully refers the Court to the Credit Agreement and related documents referenced in paragraph 18 for their terms. To the extent any interpretation of the Credit Agreement and related documents other than their plain meaning is implied or alleged, denies such allegations.

**Agent's Collateral**

19. Admits that Franchise Agreements between the Debtors and Applebee's do not secure the Indebtedness. As the Plaintiffs are not parties to the Credit Agreement and related documents representing the Indebtedness, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 of the Cross-Claims. To the extent any interpretation of the Credit Agreement and related documents other than their plain meaning is implied or alleged, denies such allegations.

20. As the Plaintiffs are not parties to the Credit Agreement and related documents referenced in paragraph 20 of the Cross-Claims, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Cross-Claims and respectfully refers the Court to the documents referenced in paragraph 20 for their terms. To the extent any interpretation of the documents other than their plain meaning is implied or alleged, denies such allegations.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Cross-Claims and respectfully refers the Court to the UCC Financing Statements referenced in paragraph 21 for their terms. To the extent any interpretation of the UCC Financing Statements other than their plain meaning is implied or alleged, denies such allegations.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Cross-Claims and respectfully refers the Court to the UCC Financing Statements referenced in paragraph 22 for their terms. To the extent any interpretation of the UCC Financing Statements other than their plain meaning is implied or alleged, denies such allegations.

**The Franchisor Certificates and Applebee's Subordination of Its Interests**

23. Admits the allegations in paragraph 23 of the Cross-Claims.

24. Admits that Applebee's and the Agent executed certain Franchisor Certificates as alleged in paragraph 23 of the Cross-Claims. Because a copy of the Dec. 2012 Franchisor Certificate is not attached to the Cross-Claims as represented in paragraph 24, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 of the Cross-Claims.

25. Admits that Applebee's and the Agent executed certain Franchisor Certificates as alleged in paragraph 23 of the Cross-Claims. Because a copy of the July 2013 Franchisor Certificate is not attached to the Cross-Claims as represented in paragraph 25, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of the Cross-Claims.

26. Admits that Applebee's and the Agent executed certain franchisor certificates as alleged in paragraph 23 of the Cross-Claims. Because a copy of the Dec. 2013 Franchisor

Certificate is not attached to the Cross-Claims as represented in paragraph 26, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 of the Cross-Claims.

27. Admits that Applebee's and the Agent executed certain Franchisor Certificates as alleged in paragraph 23 of the Cross-Claims. Because a copy of the Oct. 2015 Franchisor Certificate is not attached to the Cross-Claims as represented in paragraph 27, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 of the Cross-Claims.

28. Admits that Applebee's and the Agent executed certain Franchisor Certificates as alleged in paragraph 23 of the Cross-Claims. As paragraph 28 references documents that do not exist, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Cross-Claims and respectfully refers the Court to the franchisor certificates referenced in paragraph 23 for their terms, including the stores covered by such franchisor certificates.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Cross-Claims because the Franchisor Certificates are not attached to the Cross-Claims and respectfully refers the Court to the Franchisor Certificates referenced in paragraph 23 for their terms. To the extent any interpretation of the Franchisor Certificates other than their plain meaning is implied or alleged, denies such allegations.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Cross-Claims because the Franchisor Certificates are not attached to the Cross-Claims and respectfully refers the Court to the Franchisor Certificates referenced in paragraph 23 for their terms. To the extent any interpretation of the Franchisor Certificates other than their plain meaning is implied or alleged, denies such allegations.

31. States that the allegations contained in paragraph 31 of the Cross-Claims form legal conclusions for which no response is required. Denies allegations of paragraph 31 of the Cross-Claims to the extent such allegations are not legal conclusions.

## COUNT I
## DECLARATORY JUDGMENT THAT AGENT HOLDS A VALID, PERFECTED AND ENFORCEABLE FIRST-PRIORITY SECURITY INTEREST IN DEFENDANTS' ASSETS

32. In response to the allegations contained in paragraph 32 of the Cross-Claims, restates and incorporates herein its response to the allegations set forth in preceding paragraphs of the Cross-Claim.

33. As the Plaintiffs are not parties to the Credit Agreement and related documents referenced in paragraph 33 of the Cross-Claims, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Cross-Claims and respectfully refers the Court to the Credit Agreement and related documents referenced in paragraph 33 for their terms. To the extent any interpretation of the Credit Agreement and related documents other than their plain meaning is implied or alleged, denies such allegations.

34. States that the allegations contained in paragraph 34 of the Cross-Claims form legal conclusions for which no response is required. Denies allegations of paragraph 34 of the Cross-Claims to the extent such allegations are not legal conclusions.

THEREFORE, the Court should deny the relief requested by Count I of the Cross-Claims and should further find and declare that Applebee's currently has a right to enforce its post-termination rights pursuant Section 19 of the Franchise Agreements.

DOCS_DE:220079.5 18037/001

## COUNT II
## DECLARATORY JUDGMENT THAT ANY RIGHTS THAT APPLEBEE'S HAS OR MAY HAVE WITH RESPECT TO DEBTORS' ASSETS ARE SUBORDINATE TO THE AGENT'S LIENS AND SECURITY INTERESTS

35. In response to the allegations contained in paragraph 35 of the Cross-Claims, restates and incorporates herein its response to the allegations set forth in preceding paragraphs of the Cross-Claim.

36. As the Plaintiffs are not parties to the Credit Agreement and related documents referenced in paragraph 36 of the Cross-Claims, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Cross-Claims and respectfully refers the Court to the Credit Agreement and related documents referenced in paragraph 36 for their terms. To the extent any interpretation of the Credit Agreement and related documents other than their plain meaning is implied or alleged, denies such allegations.

37. Admits that Applebee's and the Agent executed certain Franchisor Certificates as alleged in the Cross-Claims. States that the allegations contained in paragraph 37 of the Cross-Claims form legal conclusions for which no response is required. Denies allegations of paragraph 37 of the Cross-Claims to the extent such allegations are not legal conclusions.

38. Admits that Applebee's and the Agent executed certain Franchisor Certificates as alleged in the Cross-Claims. States that the allegations contained in paragraph 38 of the Cross-Claims form legal conclusions for which no response is required. Denies allegations of paragraph 38 of the Cross-Claims to the extent such allegations are not legal conclusions.

39. States that the allegations contained in paragraph 39 of the Cross-Claims form legal conclusions for which no response is required. Denies allegations of paragraph 39 of the Cross-Claims to the extent such allegations are not legal conclusions.

DOCS_DE:220079.5 18037/001

THEREFORE, the Court should deny the relief requested by Count II of the Cross-Claims and should further find and declare that Applebee's currently has a right to enforce its post-termination rights pursuant Section 19 of the Franchise Agreements.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Applebee's prays for relief and respectfully requests that the Court deny the relief requested by the Cross-Claims, dismiss the Cross-Claims with prejudice and grant Plaintiffs such other and further relief as the Court may deem appropriate.

Dated: July 13, 2018                    PACHULSKI STANG ZIEHL & JONES LLP

　　　　　　　　　　　　　　　　　　　　　*/s/ Laura Davis Jones*
　　　　　　　　　　　　　　　　　　　　　Laura Davis Jones (DE Bar No. 2436)
　　　　　　　　　　　　　　　　　　　　　919 N. Market Street, 17th Floor
　　　　　　　　　　　　　　　　　　　　　P.O. Box 8705
　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19899-8705 (Courier 19801)
　　　　　　　　　　　　　　　　　　　　　Telephone: (302) 652-4100
　　　　　　　　　　　　　　　　　　　　　Facsimile: (302) 652-4400
　　　　　　　　　　　　　　　　　　　　　Email: ljones@pszjlaw.com

　　　　　　　　　　　　　　　　　　　　　*Counsel to Dine Brands Global Inc., Applebee's Restaurants LLC and Applebee's Franchisor LLC*