# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RMH FRANCHISE HOLDINGS, INC., *et al.*,[1] | Case No. 18-11092 (BLS) |
| Debtors. | (Jointly Administered) |
| DINE BRANDS GLOBAL, INC., APPLEBEE'S RESTAURANTS LLC, and APPLEBEE'S FRANCHISOR LLC | |
| Plaintiffs, | |
| v. | |
| RMH FRANCHISE HOLDINGS, INC., NULNK, INC., RMH ILLINOIS, LLC, RMH FRANCHISE CORP., and CONTEX RESTAURANTS, INC., | Adv. Pro. No. 18-50481 (BLS) |
| Defendants. | |
| -and- | |
| BANK OF AMERICA, N.A., as Administrative Agent, Collateral Agent and L/C Issuer, and THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | |
| Intervenors. | |

## DEBTORS' ANSWER AND AFFIRMATIVE DEFENSES TO
## CROSS-COMPLAINT OF INTERVENOR BANK OF AMERICA, N.A.

RMH Franchise Holdings, Inc. and its affiliated debtors and debtors in possession in the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: RMH Franchise Holdings, Inc. (7150); NuLnk, Inc. (7381); RMH Illinois, LLC (0696); RMH Franchise Corporation (1807); and Contex Restaurants, Inc. (0710). The headquarters for the above-captioned Debtors is located at One Concourse Parkway, N.E. Suite 600, Atlanta, GA 30328.

01:23352578.3

above-captioned chapter 11 cases (collectively, the "Debtors"), by their undersigned attorneys, file this Answer and Affirmative Defenses to Cross-Complaint of Intervenor Bank of America, N.A. [Adv. Docket No. 9] (the "Cross-Complaint") filed by the Bank of America, N.A., as Administrative Agent, Collateral Agent and L/C Issuer ("Agent"), and hereby state as follows:

## Nature of the Case

1. To secure $71 million in loans to Debtors, Agent obtained a first-priority security interest in Debtor's assets (excluding the Franchise Agreements) and obtained leasehold mortgages and landlord consents to the Debtors' assignment of leases as set forth in more detail below. In connection with the loans, Agent and Applebee's executed franchisor certificates wherein Applebee's subordinated its interests in Debtors' leases and business assets to the Agent's interests.

**ANSWER:** The allegations of the first sentence of Paragraph 1 are admitted. The allegations of the second sentence of Paragraph 1 are admitted upon information and belief.

2. To "subordinate" means to be "[p]laced in or belonging to a lower rank, class, or position." Black's Law Dictionary (10th ed. 2014). Applebee's subordination of its interests is enforceable pursuant to 11 U.S.C. § 510(a), which provides that "[a] subordination agreement is enforceable in a case under this title to the same extent that such agreement is enforceable under applicable nonbankruptcy law." Thus, Applebee's position is subordinate to Agent's position and, hence, Debtors' leases and assets (excluding the franchisor certificates) cannot be sold or assigned.

**ANSWER:** The Debtors state that Black's Law Dictionary is the best evidence of its contents. The remaining allegations in Paragraph 2 constitute legal conclusions to which no response is required.

3. Notwithstanding Agent's first-priority liens and Applebee's agreement to subordinate, by and through Applebee's Complaint and Stay Relief Motion, Applebee's seeks to force Debtors' assignment of the leases to Applebee's and Debtors' liquidation of its inventory, equipment and fixtures. Agent does not consent to the assignment of the leases to Applebee's or the forced liquidation of Agent's other collateral absent payment in full of the amounts due and owing to Agent and the senior lenders. Granting the relief requested by Applebee's would not only violate the agreements to which Applebee's is a party, but would require the surrender of the Agent's collateral to an unsecured creditor under a complete departure from the priority scheme mandated by the Bankruptcy Code and a likely diminution in the value of Agent's collateral.

**ANSWER:** The Debtors are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3, and on that basis deny them. To the extent the allegations in Paragraph 3 constitute legal conclusions, no response is required. By way of further response, the Debtors state that Applebee's Complaint and Stay Relief Motion are the best evidence of their respective contents.

4. Thus, by and through this action, Agent seeks a declaratory judgment determining the validity, priority and extent of certain liens claimed by Agent on Debtors' assets. More particularly, Agent seeks a declaration that any rights that Applebee's has or may claim to have to Debtors' assets, other than the Franchise Agreements, are subordinate to Agent's liens and security interests on Debtors' assets and that, absent payment in full of all indebtedness owed by Debtors to Agent or Agent's consent, Applebee's cannot require, compel or demand assignment of the leases to Applebee's or require, compel or demand that Debtors sell their inventory, equipment and/or fixtures to Applebee's.

**ANSWER:** Paragraph 4 is an introductory paragraph characterizing the causes of action asserted in the Cross-Complaint by the Agent, to which no response is required. To the extent a response is required, the allegations of Paragraph 4 are denied.

## Jurisdiction and Venue

5. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and Section 105 of the Bankruptcy Code, and relates to the above-captioned bankruptcy cases are currently pending before the Court.

**ANSWER:** Admitted.

6. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

**ANSWER:** Admitted.

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**ANSWER:** Admitted.

8. This adversary proceeding involves core matters pursuant to 28 U.S.C. § 157 and Federal Rule of Bankruptcy Procedure 7001, in that this action involves property of Debtors' estates, and involves the validity, extent and priority of Agent's liens on Debtors' property.

**ANSWER:** The allegations in Paragraph 8 constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 8 are denied.

## Parties

9. Plaintiff Dine Brands Global Inc. ("Dine Brands") is a Delaware corporation with its principal place of business in Glendale, California.

**ANSWER:** Admitted upon information and belief.

10. Applebee's Restaurants LLC ("Applebee's Restaurants") is a Delaware limited liability company with its principal place of business in Glendale, California.

**ANSWER:** Admitted upon information and belief.

11. Applebee's Franchisor LLC ("Applebee's Franchisor") is a Delaware limited liability company with its principal place of business in Glendale, California.

**ANSWER:** Admitted upon information and belief.

12. Defendants RMH Franchise Holdings, Inc. ("RMH Holdings"), NuLnk, Inc. ("NuLnk") and RMH Illinois, LLC ("RMH Illinois") are Delaware corporations. Defendant RMH Franchise Corp. ("RMH Corp.") is a Kansas corporation. Defendant Contex Restaurants, Inc. ("Contex") is a Texas corporation. Defendants' headquarters are located in Atlanta, Georgia.

**ANSWER:** Admitted.

13. Agent is a national banking association chartered pursuant to the laws of the United States of America.

**ANSWER:** Admitted upon information and belief.

## Factual Allegations
## Procedural Posture

14. On May 8, 2018 (the "Petition Date"), Debtors commenced these chapter 11 cases. Debtors continue to manage their financial affairs as debtors in possession.

**ANSWER:** Admitted.

15. On May 24, 2018, an Official Committee of Unsecured Creditors was appointed

**ANSWER:** Admitted.

## The Loan

16. RMH Holdings and RMH Corporation (collectively, "Borrower", together with RMH Illinois, "RMH"), Bank of America, N.A., as Administrative Agent, and Bank of America, N.A., Wells Fargo Bank, N.A. and Citizens Bank, N.A. (f/k/a RBS Citizens, N.A.) (collectively, "Senior Lenders") executed that certain Amended and Restated Credit Agreement dated December 20, 2013, as amended by that certain First Amendment to Amended and Restated Credit Agreement dated December 11, 2014, as amended by that certain Second Amendment to Amended and Restated Credit Agreement dated March 25, 2015, as amended by that Third Amendment to Amended and Restated Credit Agreement dated August 26, 2016, as amended by that certain Fourth Amendment to Amended and Restated Credit Agreement dated March 1, 2016, as amended by that certain Amendment to Amended and Restated Credit Agreement dated November 9, 2016 (as amended, the "Credit Agreement").

**ANSWER:** Admitted.

17. As of the Petition Date, Borrower was indebted to Agent and Senior Lenders in the aggregate principal amount of $68,487,089.71, plus pre-petition interest, fees, expenses and other amounts respecting such obligations existing immediately prior to the Petition Date (the "Indebtedness").

**ANSWER:** Admitted upon information and belief.

18. The Indebtedness is guaranteed by:

(a) That certain Guaranty Joinder Agreement dated May 2, 2013, that certain Reaffirmation of Guaranty dated December 20, 2013, and that certain Reaffirmation of Guaranty dated December 11, 2014 executed by RMH Illinois and NuLnk; and

(b) That certain Guaranty dated December 27, 2012, that certain Reaffirmation of Guaranty dated December 20, 2013, and that certain Reaffirmation of Guaranty dated December 11, 2014 executed by Contex.

**ANSWER:** The allegations in Paragraph 18 constitute legal conclusions to which no response is required. By way of further response, the Debtors state that the documents referenced in Paragraph 18 are the best evidence of their respective contents.

## Agent's Collateral

19. The Indebtedness is secured by valid, enforceable, properly-perfected first-priority liens and security interests encumbering substantially all of assets of RMH, but excluding those certain Franchise Agreements between Debtors and Applebee's.

**ANSWER:** The allegations in Paragraph 19 constitute legal conclusions to which no response is required.

20. Specifically, Agent holds Leasehold Mortgages, Assignments of Rents and Leases and Security Agreements and/or Landlord Consents with respect to the stores owned and/or operated by RMH as follows (collectively, the "Stores"):

| Store Number | Address | City | State | Mortgages/Deeds of Trust[3] | Landlord Consent |
|---|---|---|---|---|---|
| 87003 | 5928 SW 17th Street | Topeka | Kansas | Y | Y |
| 87061 | 3730 Village Drive | Lincoln | Nebraska | Y | Y |
| 92009 | 3209 Grand Avenue | Laramie | Wyoming | Y | Y |
| 93097 | 2901 Eaglecrest Drive | Emporia | Kansas | Y | Y |
| 89077 | 2810 Soncy Road | Amarillo | Texas | Y | Y |
| 91090 | 6211 NW Cache Road | Lawton | Oklahoma | Y | Y |
| 94010 | 2680 West Broadway | Ardmore | Oklahoma | Y | Y |
| 94057 | 3951 N. 27th Street | Lincoln | Nebraska | Y | Y |
| 94062 | 359 Miracle Street | Evansville | Wyoming | Y | Y |
| 94085 | 721 Diers Avenue | GrandIsland | Nebraska | Y | Y |
| 96041 | 1927 Cliff Davis Drive | Gillette | Wyoming | Y | Y |
| 85006 | 5760 Airport Boulevard | Mobile | Alabama | Y | Y |
| 88028 | 4940 Government Boulevard | Mobile | Alabama | Y | Y |
| 90028 | 165 East Nine Mile Road | Pensacola | Florida | Y | Y |
| 95075 | 1601 Bienville Boulevard | Ocean Springs | Mississippi | Y | Y |
| 95079 | 215 Rasberry Road | Crestview | Florida | Y | Y |
| 95026 | 6691 South Padre Island Drive | Corpus Christi | Texas | Y | Y |
| 88030 | 514 E. Expressway 83 | McAllen | Texas | Y | Y |
| 90068 | 1519 West Harrison | Harlingen | Texas | Y | Y |
| 98030 | 2919 South Main Street | Maryville | Missouri | Y | Y |
| 99056 | 3501 North Main Street | Altus | Oklahoma | Y | Y |
| 98077 | 5630 West Amarillo Blvd | Amarillo | Texas | Y | Y |
| 75033 | 1913 West Trenton Road | Edinburg | Texas | Y | Y |
| 86063 | 8670 Hwy 98 West | Destin | Florida | Y | Y |
| 97050 | 328 East 23rd Street | Columbus | Nebraska | Y | Y |
| 99005 | 6501 4th Street | Lubbock | Texas | Y | Y |
| 97009 | 5605 2nd Avenue | Kearney | Nebraska | Y | Y |
| 87012 | 1401 Dell Range Boulevard | Cheyenne | Wyoming | Y | Y |
| 77010 | 2303 Osborne Drive W. | Hastings | Nebraska | Y | Y |
| 89020 | 4025 South Loop 289 | Lubbock | Texas | Y | Y |
| 90087 | 2911 Kemp Boulevard | Wichita Falls | Texas | Y | Y |
| 85020 | 5091 Bayou Boulevard | Pensacola | Florida | Y | Y |
| 99099 | 1220 North Mississippi Avenue | Ada | Oklahoma | Y | Y |
| 77021 | 2002 N. Hwy 81 | Duncan | Oklahoma | Y | Y |
| 94074 | 2409 South McKenzie Street | Foley | Alabama | Y | Y |
| 86095 | 100 Manhattan Town Center, Suite P5 | Manhattan | Kansas | N | N |
| 88097 | 4004 Frederick Boulevard | St. Joseph | Missouri | Y | Y |
| 90039 | 102 Platte Oasis Parkway | North Platte | Nebraska | Y | Y |
| 89001 | 2621 5th Avenue | Scottsbluff | Nebraska | N | Y |
| 91072 | 6100 O Street, Suite C-318 | Lincoln | Nebraska | N | N |
| 89008 | 4601 N. 10th Street | McAllen | Texas | Y | Y |
| 89024 | 7601 San Dario | Laredo | Texas | N | N |
| 98050 | 2491 Foothill Boulevard | Rock Springs | Wyoming | N | Y |

| | | | | | |
|---|---|---|---|---|---|
| 96012 | 4619 South Lincoln Avenue | York | Nebraska | N | Y |
| 98015 | 2401 W. 95th St. | Evergreen Park | Illinois | Y* | Y |
| 98055 | 1719 River Oaks Dr. | Calumet City | Illinois | Y* | Y |
| 92033 | 2400 W. Jefferson St. | Joliet | Illinois | Y* | Y |
| 75002 | 7519 S. Cicero Ave. | Ford City | Illinois | N* | N |
| 75037 | 4029 W. 167th St. | Country Club Hills | Illinois | Y* | Y |
| 90067 | 1040 N. Kinzie Ave | Bradley | Illinois | Y* | Y |
| 90044 | 4937 West Cal Sag Road | Crestwood | Illinois | Y* | Y |
| 96000 | 1700 N. Richmond Rd | McHenry | Illinois | Y* | Y |
| 91022 | 125 S. Randall Rd. | Elgin | Illinois | N* | N |
| 91001 | 2411 Sycamore Rd. | Dekalb | Illinois | N* | N |
| 88038 | 9380 Joliet Rd. | Hodgkins | Illinois | N* | N |
| 93034 | 6656 W. Grand Ave. | Chicago | Illinois | N* | N |
| 91058 | 2795 Plainfield Rd. | Joliet | Illinois | N* | N |
| 99096 | 1507 36th St. | Peru | Illinois | N* | N |
| 96056 | 2015 Sheridan Rd. | Zion | Illinois | Y* | Y |
| 109 | 690 North Maysville Road | Mt. Sterling | Kentucky | Y | Y |
| 201 | 7383 Turfway Road | Florence | Kentucky | Y | Y |
| 206 | 4440 Glen-Este Withamsville Rd. | Cincinnati | Ohio | Y | Y |
| 210 | 3240 Towne Blvd. | Middletown | Ohio | Y | Y |
| 215 | 2810 Alexandria Pike | Highland Heights | Kentucky | Y | Y |
| 219 | 3169 Princeton Road | Hamilton | Ohio | Y | Y |
| 305 | 4425 National Road East | Richmond | Indiana | Y | Y |
| 309 | 881 West Central Avenue | Springboro | Ohio | Y | Y |
| 401 | 2755 Brice Road | Reynoldsburg | Ohio | Y | Y |
| 405 | 480 Ackerman Road | Columbus | Ohio | N | N |
| 409 | 5561 Westchester Woods Blvd. | Hilliard | Ohio | Y | Y |
| 413 | 820 North Bridge Street | Chillicothe | Ohio | Y | Y |
| 501 | 2720 West Bell Road | Phoenix | Arizona | Y | Y |
| 505 | 8001 W. Bell Road | Peoria | Arizona | Y | Y |
| 511 | 1881 East Highway 69 | Prescott | Arizona | Y | N |
| 515 | 1143 North Higley Road | Mesa | Arizona | Y | Y |
| 521 | 9330 West Northern Avenue | Glendale | Arizona | Y | Y |
| 603 | 2230 West Ina Rd. | Tucson | Arizona | Y | Y |
| 702 | 201 South Hermitage Road | Hermitage | Pennsylvania | Y | Y |
| 102 | 4009 Nicholasville Rd,. Bl.B | Lexington | Kentucky | N | N |
| 106 | 1525 West Lexington Ave. | Winchester | Kentucky | Y | Y |
| 110 | 1500 Oxford Drive | Georgetown | Kentucky | N | Y |
| 203 | 10635 Techwood Circle | Blue Ash | Ohio | Y | Y |
| 207 | 30 Crestview Hills Mall Rd. | Crestview Hills | Kentucky | Y | Y |
| 216 | 5331 Pleasant Avenue | Fairfield | Ohio | N | N |
| 301 | 105 N. Springboro Pike | West Carrollton | Ohio | Y | Y |
| 306 | 1759 West Main Street | Troy | Ohio | Y | Y |
| 310 | 221 Vandemark Road | Sidney | Ohio | Y | Y |
| 406 | 1615 River Valley Circle North | Lancaster | Ohio | Y | Y |
| 410 | 1161 Polaris Parkway | Columbus | Ohio | Y | Y |
| 415 | 1099 Delaware Avenue | Marysville | Ohio | Y | Y |
| 502 | 6259 E .Southern Ave. | Mesa | Arizona | Y | Y |

| | | | | | |
|---|---|---|---|---|---|
| 506 | 1655 West Elliot Road | Tempe | Arizona | N | Y |
| 512 | 5880 West Peoria Ave | Glendale | Arizona | Y | Y |
| 516 | 13832 West McDowell Road | Goodyear | Arizona | N | N |
| 522 | 4712 E. Ray Road | Gilbert | Arizona | N | N |
| 526 | 5210 West Baseline Road | Laveen | Arizona | N | N |
| 604 | 4625 East Grant Road | Tucson | Arizona | Y | Y |
| 703 | 6691 South Avenue | Boardman | Ohio | Y | Y |
| 103 | 1307 US 127 South | Frankfort | Kentucky | Y | Y |
| 107 | 1856 Alysheba Way | Lexington | Kentucky | Y | Y |
| 111 | 300 Skywatch Drive | Danville | Kentucky | Y | Y |
| 204 | 9660 Mason-Montgomery Rd. | Mason | Ohio | Y | Y |
| 208 | 700 Washington Blvd. N.W. | Hamilton | Ohio | Y | Y |
| 213 | 8565 Winton Road | Cincinnati | Ohio | N | N |
| 217 | 7920 Beechmont Avenue | Cincinnati | Ohio | Y | Y |
| 303 | 8331 Old Troy Pike | Huber Heights | Ohio | N | N |
| 307 | 6242 Wilmington Pike | Dayton | Ohio | Y | Y |
| 311 | 1795 Delco Park Drive | Kettering | Ohio | Y | Y |
| 403 | 967 Hebron Road | Heath | Ohio | Y | Y |
| 407 | 3894 Morse Road | Columbus | Ohio | Y | Y |
| 411 | 1590 Georgesville Square Rd. | Columbus | Ohio | Y | Y |
| 503 | 2053 S. Alma School Road | Mesa | Arizona | Y | Y |
| 508 | 2547 North 44th Street | Phoenix | Arizona | Y | Y |
| 513 | 909 East Broadway Road | Tempe | Arizona | Y | Y |
| 517 | 13756 Bell Road | Surprise | Arizona | Y | Y |
| 601 | 565 East Wetmore | Tucson | Arizona | Y | Y |
| 605 | 3899 El Mercado Loop | Sierra Vista | Arizona | Y | Y |
| 104 | 853 Eastern By-Pass | Richmond | Kentucky | Y | Y |
| 108 | 121 North Plaza Drive | Nicholasville | Kentucky | Y | Y |
| 112 | 1761 Sharkey Way | Lexington | Kentucky | Y | Y |
| 205 | 5050 Crookshank | Cincinnati | Ohio | Y | Y |
| 209 | 9595 Colerain Ave. | Cincinnati | Ohio | Y | Y |
| 214 | 6084 Mulhauser Road | West Chester | Ohio | Y | Y |
| 218 | 175 Wal-Mart Way | Maysville | Kentucky | Y | Y |
| 304 | 1800 West First Street | Springfield | Ohio | Y | N |
| 312 | 1991 Harner Drive | Xenia | Ohio | Y | Y |
| 408 | 1514 Mt. Vernon Ave. | Marion | Ohio | Y | Y |
| 412 | 2020 Stringtown Road | Grove City | Ohio | Y | Y |
| 504 | 2032 E. Baseline Road | Mesa | Arizona | Y | Y |
| 509 | 2 East Camelback Road | Phoenix | Arizona | Y | Y |
| 520 | 2180 East Baseline Road | Phoenix | Arizona | Y | Y |
| 524 | 2501 W. Happy Valley Rd, Ste 48 | Phoenix | Arizona | N | N |
| 602 | 5870 East Broadway | Tucson | Arizona | N | N |
| 701 | 904 Great East Plaza | Niles | Ohio | N | N |
| 077073 | 1829 W Expressway 83 | Weslaco | Texas | Y | Y |
| TBD | 306 E. Mile Road | Palmhurst | Texas | Y | Y |
| TBD | 625 Cabela Drive | Sidney | Nebraska | Y | N/A |
| TBD | 1001 Westside Drive | Durant | Oklahoma | Y | Y |
| TBD | 21398 S. Ellsworth Loop Road | Queen Creek | Arizona | Y | N/A |
| 100 | 10719 International Boulevard | Laredo | Texas | Y | Y |
| 99 | 2912 Boca Chica Blvd. | Brownsville | Texas | Y | Y |

| | | | | | |
|---|---|---|---|---|---|
| 98018 | 4515 Lincoln Way East | Mishawaka | Indiana | Y | N/A |
| 96093 | 202 East Jacob Avenue | Angola | Indiana | N | N |
| 95074 | 507 Ley Drive | Auburn | Indiana | N | N |
| 88039 | 4510 N. Clinton Road | Ft. Wayne | Indiana | N | N |
| 87095 | 5788 Coventry Lane | Ft. Wayne | Indiana | N | N |
| 90075 | 3241 Interchange Drive | Elkhart | Indiana | N | N |
| 97025 | 5414 Meijer Drive | Ft. Wayne | Indiana | N | N |
| 94003 | 1807 Rieth Road | Goshen | Indiana | N | N |
| 94058 | 346 Hauenstein Road | Huntington | Indiana | N | N |
| 95053 | 602 Fairview Blvd | Kendallville | Indiana | N | N |
| 92098 | 6525 Lima Road | Ft. Wayne | Indiana | N | N |
| 91060 | 8425 Broadway | Merriville | Indiana | N | N |
| 90026 | 6615 N. Main Street | Granger | Indiana | N | N |
| 93030 | 330 Ridge Road | Munster | Indiana | N | N |
| 94079 | 2225 N. Oak Road | Plymouth | Indiana | N | N |
| 94084 | 6211 US Highway 6 | Portage | Indiana | N | N |
| 87029 | 650 W. Lincoln Highway | Schererville | Indiana | N | N |
| 93024 | 1150 Ireland Road | South Bend | Indiana | N | N |
| 94070 | 3703 Portage Road | South Bend, | Indiana | N | N |
| 89094 | 670 Morthland | Valparaiso | Indiana | N | N |
| 93087 | 2621 E. Center Street | Warsaw | Indiana | N | N |
| 90051 | 266 E. Alexis Road | Toledo | Ohio | N | N |
| 95090 | 1003 N. Clinton Street | Defiance | Ohio | N | N |
| 90091 | 531 Dussel Drive | Maumee | Ohio | N | N |
| 93010 | 2531 Tiffin Avenue | Findlay | Ohio | N | N |
| 95045 | 2200 N. St. Rt. 53 | Fremont | Ohio | N | N |
| 91081 | 3296 Elida Road | Lima | Ohio | N | N |
| 99032 | 1925 Roschman Ave. | Lima | Ohio | N | N |
| 91049 | 4702 Monroe Street | Toledo | Ohio | N | N |
| 97040 | 3007 Curtice Road | Northwood | Ohio | N | N |
| 97002 | 7340 Central Avenue | Toledo | Ohio | N | N |

**ANSWER:** Admitted upon information and belief. By way of further response, the Debtors state that the referenced documents are the best evidence of their respective contents.

21. In connection with the loan to Borrower, Agent filed UCC Financing Statements against RMH as follows:

(a) Blanket UCC Financing Statement filed on December 31, 2012, as File No. 6959050 with the of State of Kansas against RMH Corporation;

(b) Blanket UCC Financing Statement filed on December 31, 2012, as File No. 20130123308 with the Secretary of State of Delaware against RMH Holdings; and

(c) Blanket UCC Financing Statement filed on December 2, 2013, as File No. 20134817681 with the Secretary of State of Delaware against RMH Illinois.

**ANSWER:** Admitted upon information and belief.

22. In addition, Agent recorded UCC Financing Statements in the real estate records with respect to each of the Stores.

**ANSWER:** Admitted upon information and belief.

**The Franchisor Certificates and Applebee's Subordination of Its Interests**

23. In connection with the loan to Borrower, Applebee's and Agent executed franchisor certificates.

**ANSWER:** Admitted upon information and belief.

24. Specifically, on or about December 27, 2012, Applebee's International, Inc. and Agent executed that certain Franchisor Certificate (the "Dec. 2012 Franchisor Certificate"). (A true and correct copy of the Dec. 2012 Franchisor Certificate is attached hereto as **Exhibit A**.)

**ANSWER:** Upon information and belief, the Debtors admit that Applebee's International, Inc. and Agent executed a Franchisor Certificate dated December 27, 2012. By way of further response, the Debtors state that the Dec. 2012 Franchisor Certificate is not attached as an exhibit to the Cross-Complaint.

25. On or about July 19, 2013, Applebee's International, Inc. and Agent executed that certain Franchisor Certificate (the "July 2013 Franchisor Certificate"). (A true and correct copy of the July 2013 Franchisor Certificate is attached hereto as **Exhibit B**.)

**ANSWER:** Upon information and belief, the Debtors admit that Applebee's International, Inc. and Agent executed a Franchisor Certificate dated July 19, 2013. By way of further response, the Debtors state that the July 2013 Franchisor Certificate is not attached as an exhibit to the Cross-Complaint.

26. On or about December 17, 2013, Applebee's International, Inc. and Agent executed that certain Franchisor Certificate, as amended by that certain First Modification to Franchisor Certificate dated March 2, 2015 (as amended, the "Dec. 2013 Franchisor Certificate"). (A true and correct copy of the Dec. 2013 Franchisor Certificate is attached hereto as **Exhibit C**.)

**ANSWER:** Upon information and belief, the Debtors admit that Applebee's International, Inc. and Agent executed a Franchisor Certificate dated December 17, 2013 and a First Modification to Franchisor Agreement dated March 2, 2015. By way of further response,

the Debtors state that the Dec. 2013 Franchisor Certificate is not attached as an exhibit to the Cross-Complaint.

27. On or about October 28, 2015, Applebee's Franchisor and Agent executed that certain Franchisor Certificate (the "Oct. 2015 Franchisor Certificate"). (A true and correct copy of the Oct. 2015 Franchisor Certificate is attached hereto as **Exhibit D**, together with the Dec. 2012, July 2013 and Dec. 2013 Franchisor Certificates, the "Franchisor Certificates".)

**ANSWER:** Upon information and belief, the Debtors admit that Applebee's Franchisor and Agent executed a Franchisor Certificate dated October 28, 2015. By way of further response, the Debtors state that the July 2013 Franchisor Certificate is not attached as an exhibit to the Cross-Complaint.

28. All of the Stores operated by Debtors are the subject of a Franchisor Certificate, except for the following Stores (the "Excluded Stores"):

| Store Number | Address | City | State |
| --- | --- | --- | --- |
| TBD | 306 E. Mile Road | Palmhurst | Texas |
| TBD | 625 Cabela Drive | Sidney | Nebraska |
| TBD | 1001 Westside Drive | Durant | Oklahoma |
| 100 | 10719 International Boulevard | Laredo | Texas |
| 99 | 2912 Boca Chica Blvd. | Brownsville | Texas |

**ANSWER:** Admitted upon information and belief. By way of further response, the Debtors state that Franchise Certificates are the best evidence of their respective contents.

29. In each of the Franchisor Certificates, Applebee's agreed as follows:

> The Company [Applebee's] hereby (i) subordinates its interest in the leases and business assets of Franchisee with regard to the Premises to the pledge of these assets by Franchisee to the Administrative Agent and (ii) waives any option to purchase (if any) such assets with regard to the Administrative Agent's foreclosure, taking of a deed in lieu of foreclosure, taking an assignment in lieu of foreclosure or a replevin action, provided, however, the Administrative Agent's transfer of the Premises thereafter (a) will be subject to the rights of the Company as set forth in Section 12.7 of the Franchise Agreements as if the Administrative Agent was the Principal Shareholders (as defined in the Franchise Agreements) or the Franchisee and (b) no lease will be assigned unless assigned to the buyer of the assets of the Premises in a transaction subject to Section 12.7 of the Franchise Agreements. To the extent that the lease of any of the Premises requires

Company consent to (i) the assignment of such lease to Administrative Agent or (ii) the granting of a new lease to Administrative Agent subsequent to termination of such lease, Company hereby grants such consent.

(Franchisor Certificates, ¶ B.)

**ANSWER:** The Debtors admit that ¶ B of the Franchisor Certificates contain the quoted language. By way of further answer, the Debtors state that the Franchisor Certificates are the best evidence of their respective contents.

30. Applebee's expressly consented to RMH granting Agent a security interest, lien and/or mortgage in the Stores as collateral security for the loan. (Franchisor Certificates, ¶ C.)

**ANSWER:** The allegations in Paragraph 30 constitute legal conclusions to which no response is required.

31. Accordingly, any rights that Applebee's has or may have with respect to Debtors' assets, including leases, inventory, fixtures, furniture and/or equipment (but excluding the Franchise Agreements), are subordinate to Agent's liens and security interests therein.

**ANSWER:** The allegations in Paragraph 31 constitute legal conclusions to which no response is required.

## COUNT I
## DECLARATORY JUDGMENT THAT AGENT HOLDS A VALID, PERFECTED AND ENFORCEABLE FIRST-PRIORITY SECURITY INTEREST IN DEFENDANTS' ASSETS

32. The allegations contained in paragraphs 1 through 31 of Agent's Cross-Complaint are incorporated by reference as if fully set forth herein.

**ANSWER:** The Debtors repeat and reallege their responses to each and every allegation contained in Paragraphs 1 through 31 as if fully set forth herein.

33. Agent holds valid, perfected and enforceable first-priority liens and security interests against all assets (excluding the Franchise Agreements) of RMH, which secure the Indebtedness owed to Agent and Senior Lenders.

**ANSWER:** The allegations in Paragraph 33 constitute legal conclusions to which no response is required.

34. Agent's liens on and security interests in the assets of RMH, including without limitation, leases, inventory, fixtures, furniture and/or equipment (but excluding the Franchise Agreements), are superior to any rights that Applebee's has or may have in RMH's assets.

**ANSWER:** The allegations in Paragraph 34 constitute legal conclusions to which no response is required.

THEREFORE, the Court should find and declare that Agent holds a properly-perfected first-priority lien and security interest on all assets of RMH (excluding the Franchise Agreements).

**ANSWER:** The allegations in the THEREFORE portion of Count I are legal conclusions to which no response is required.

## COUNT II
### DECLARATORY JUDGMENT THAT ANY RIGHTS THAT APPLEBEE'S HAS OR MAY HAVE WITH RESPECT TO DEBTORS' ASSETS ARE SUBORDINATE TO THE AGENT'S LIENS AND SECURITY INTERESTS

35. The allegations contained in paragraphs 1 through 31 of Agent's Cross-Complaint are incorporated by reference as if fully set forth herein.

**ANSWER:** The Debtors repeat and reallege their responses to each and every allegation contained in Paragraphs 1 through 31 as if fully set forth herein.

36. Agent holds valid, perfected and enforceable first-priority liens and security interests against all assets (excluding the Franchise Agreements) of RMH, which secure the Indebtedness owed to Agent and Senior Lenders.

**ANSWER:** The allegations in Paragraph 36 constitute legal conclusions to which no response is required.

37. In connection with the loan to Borrower, Applebee's and Agent executed the Franchisor Certificates. The Franchisor Certificates cover all of the Stores, except for the five (5) Excluded Stores.

**ANSWER:** Admitted upon information and belief. By way of further response, the Debtors state that the Franchise Certificates are the best evidence of their respective contents.

38. In the Franchisor Certificates, Applebee's subordinated its interests in Debtors' leases and business assets (excluding the Franchise Agreements) to the Agent's interests.

**ANSWER:** The allegations in Paragraph 38 constitute legal conclusions to which no response is required.

39. Applebee's subordination of its interests in the leases and Debtors' assets to Agent's interests therein is enforceable under 11 U.S.C. § 510(a).

**ANSWER:** The allegations in Paragraph 39 constitute legal conclusions to which no response is required.

THEREFORE, the Court should find and declare that:
(a) Any rights that Applbee's has or may claim to have to Debtors' assets, other than the Franchise Agreements, are subordinate to Agent's liens and security interests on Debtors' assets; and
(b) That, absent payment in full of all indebtedness owed by Debtors to Agent and Senior Lenders, Applebee's cannot require the sale or assignment of the leases to Applebee's or compel Debtors to sell or assign their inventory, equipment, fixtures or other assets to Applebee's.

**ANSWER:** The allegations in the THEREFORE portion of Count II are legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

In addition to the foregoing responses to the numbered paragraphs of the Cross-Complaint, the Debtors state the following affirmative defenses. In asserting the following additional or affirmative defenses, the Debtors do not admit that they bear the burden of persuasion with respect to any matter or defense set forth below, nor do they concede that such matter (or the negation of the same) is not part of Agent's *prima facie* case for some or all of the claims asserted by Agent in the Cross-Complaint.

### First Affirmative Defense

The Cross-Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

The relief sought in the Cross-Complaint should be denied to the extent permitted under principles of waiver and/or release.

**RESERVATION OF DEFENSES**

The Debtors expressly reserve, and do not waive, any additional defenses that may be disclosed or become apparent during discovery and further investigation of the relevant facts in this matter.

Dated: July 13, 2018  YOUNG CONAWAY STARGATT & TAYLOR, LLP
Wilmington, Delaware

*/s/ M. Blake Cleary*
John T. Dorsey (No. 2988)
M. Blake Cleary (No. 3614)
Sharon M. Zieg (No. 4196)
Erin D. Edwards (No. 4392)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1256

*Counsel for the Debtors and Debtors in Possession*