# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RMH Franchise Holdings, Inc., *et al.*,[1] | ) | Case No. 18-11092 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| DINE BRANDS GLOBAL, INC., APPLEBEE'S RESTAURANTS LLC, and APPLEBEE'S FRANCHISOR LLC | ) ) ) | Adv. Pro. No. 18-50481 (BLS) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RMH FRANCHISE HOLDINGS, INC., NULNK, INC., RMH ILLINOIS, LLC, RMH FRANCHISE CORP., and CONTEX RESTAURANTS, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| - and - | ) | |
| | ) | |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | ) ) | |
| | ) | |
| Intervenor Defendant. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., as Administrative Agent, Collateral Agent and L/C Issuer, | ) ) | |
| | ) | |
| Cross-Claim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RMH FRANCHISE HOLDINGS, INC., NULNK, INC., RMH ILLINOIS, LLC, | ) ) | |

---

[1] The Debtors in these cases are: RMH Franchise Holdings, Inc.; RMH Franchise Corporation; NuLnk, Inc.; RMH Illinois, LLC; and Contex Restaurants, Inc.

| | |
|---|---|
| RMH FRANCHISE CORP., and CONTEX RESTAURANTS, INC., DINE BRANDS GLOBAL, INC., APPLEBEE'S RESTAURANTS LLC, and APPLEBEE'S FRANCHISOR LLC, | ) ) ) ) ) ) |
| Cross-Claim Defendants. | ) ) |
| - and - | ) ) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | ) ) ) |
| Intervenor Defendant. | ) ) ) |

## ANSWER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CROSS-COMPLAINT OF INTERVENOR BANK OF AMERICA, N.A.

Intervenor defendant, the Official Committee of Unsecured Creditors (the "Committee") of RMH Franchise Holdings, Inc., *et al.*, debtors and debtors-in-possession (the "Debtors") in the above-captioned jointly administered Chapter 11 proceedings, by and through its undersigned counsel, as and for its answer to the cross-complaint (the "Cross-Complaint") of intervenor defendant Bank of America, N.A, as Administrative Agent, Collateral Agent and L/C Issuer (the "Agent") in the above-captioned adversary proceeding, hereby states as follows:

1. Paragraph 1 of the Cross-Complaint states legal conclusions to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and respectfully refers to the franchisor certificates for the full and complete contents thereof.

2. With respect to the allegations set forth in paragraph 2 of the Cross-Complaint, the Committee admits that 11 U.S.C. § 510(a) provides that "[a] subordination agreement is enforceable in a case under this title to the same extent that such agreement is

enforceable under applicable nonbankruptcy law." The remaining portions of paragraph 2 of the Cross-Complaint state legal conclusions to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Cross-Complaint and respectfully refers to Black's Law Dictionary for the content referenced therein.

3. Paragraph 3 of the Cross-Complaint states legal conclusions to which no response from the Committee is required. To the extent that a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth set forth in paragraph 3 of the Cross-Complaint and respectfully refers to the Applebee's Complaint and Stay Relief Motion for the content referenced therein.

4. Paragraph 4 of the Cross-Complaint characterizes the causes of action asserted to which no response from the Committee is required. To the extent a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

5. The Committee admits the allegations set forth in paragraph 5 of the Cross-Complaint.

6. The Committee admits the allegations set forth in paragraph 6 of the Cross-Complaint.

7. The Committee admits the allegations set forth in paragraph 7 of the Cross-Complaint.

8. Paragraph 8 of the Cross-Complaint states legal conclusions to which no response from the Committee is required. To the extent a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set

forth in paragraph 8 of the Cross-Complaint, except to admit that the adversary proceeding involves property of Debtors' estates, and the Cross-Complaint raises issues with respect to the validity, extent and priority of Agent's liens on Debtors' property.

9. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Cross-Complaint.

10. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Cross-Complaint.

11. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Cross-Complaint.

12. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Cross-Complaint.

13. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Cross-Complaint.

14. The Committee admits that on May 8, 2018, the Debtors commenced chapter 11 cases and as of the filing of this answer, continue to manage their financial affairs as debtors-in-possession.

15. The Committee admits the allegations set forth in paragraph 15 of the Cross-Complaint.

16. Upon information and belief, the Committee admits the allegations set forth in paragraph 16 of the Cross-Complaint.

17. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Cross-Complaint.

18. Upon information and belief, the Committee admits that RMH Illinois, NuLnk and Contex executed the guaranty documents referenced in paragraph 18 and respectfully refers to such guaranty documents for the full and complete contents thereof.

19. Paragraph 19 of the Cross-Complaint states legal conclusions for which no response is required. To the extent a response is required, the Committee denies the allegations set forth in paragraph 19 of the Cross-Complaint, except to admit that the Indebtedness is not secured by valid, enforceable, properly perfected liens in those certain Franchise Agreements between the Debtors and Applebee's.

20. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Cross-Complaint, except upon information and belief, the Committee admits that certain Leasehold Mortgages, Assignment of Rents and Leases and Security Agreements and/or Landlord Consents were executed with respect to certain of the Stores identified in paragraph 20 of the Cross-Complaint and respectfully refers to such Leasehold Mortgages, Assignment of Rents and Leases and Security Agreements and/or Landlord Consents for the full and complete contents thereof.

21. The Committee admits that the Prepetition Agent filed: (i) a UCC Financing Statement on December 31, 2012, as File No. 6959050, with the Secretary of State of Kansas against RMH Corporation; (ii) a UCC Financing Statement on December 31, 2012, as File No. 20130123308, with the Secretary of State of Delaware against RMH Holdings; and (iii) a UCC Financing Statement on December 2, 2013, as File No. 20134817681, with the Secretary of State of Delaware against RMH Illinois, and respectfully refers to the UCC financing statements referenced in paragraph 21 of the Cross-Complaint for the full and complete contents thereof.

22. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Cross-Complaint and respectfully refers to the real estate records with respect to each of the Stores for the complete contents thereof.

23. Upon information and belief, the Committee admits the allegations set forth in paragraph 23 of the Cross-Complaint and respectfully refers to the respective franchisor certificates with respect to each of the Stores for the complete contents thereof.

24. Upon information and belief, the Committee admits the allegations set forth in paragraph 24 of the Cross-Complaint and respectfully refers to the Dec. 2012 Franchisor Certificate referenced therein for the full and complete contents thereof.

25. Upon information and belief, the Committee admits the allegations set forth in paragraph 25 of the Cross-Complaint and respectfully refers to the July 2013 Franchisor Certificate referenced therein for the full and complete contents thereof.

26. Upon information and belief, the Committee admits the allegations set forth in paragraph 26 of the Cross-Complaint and respectfully refers to the Dec. 2013 Franchisor Certificate referenced therein for the full and complete contents thereof.

27. Upon information and belief, the Committee admits the allegations set forth in paragraph 27 of the Cross-Complaint and respectfully refers to the Oct. 2015 Franchisor Certificate referenced therein for the full and complete contents thereof.

28. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Cross-Complaint.

29. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Cross-Complaint and

respectfully refers to each Franchisor Certificate referenced therein for the full and complete contents thereof.

30. Paragraph 30 of the Cross-Complaint states legal conclusions for which no response is required. To the extent a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Cross-Complaint and respectfully refers to each Franchisor Certificate referenced therein for the full and complete contents thereof.

31. Paragraph 31 of the Cross-Complaint states legal conclusions for which no response is required. To the extent a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## COUNT I

32. With respect to paragraph 32 of the Cross-Complaint, the Committee repeats and realleges its responses to paragraphs 1 through 31 as if fully set forth herein.

33. Paragraph 33 of the Cross-Complaint states legal conclusions for which no response is required. To the extent a response is required, the Committee denies the allegations set forth in paragraph 33 of the Cross-Complaint, except to admit that the Indebtedness is not secured by valid, enforceable, properly perfected liens in those certain Franchise Agreements.

34. Paragraph 34 of the Cross-Complaint states legal conclusions for which no response is required. To the extent a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Cross-Complaint. The "Therefore" clause following paragraph 34 states legal conclusions or requests relief and no response is required.

## COUNT II

35. With respect to paragraph 35 of the Cross-Complaint, the Committee repeats and realleges its responses to paragraphs 1 through 34 as if fully set forth herein.

36. Paragraph 36 of the Cross-Complaint states legal conclusions for which no response is required. To the extent a response is required, the Committee denies the allegations set forth in paragraph 36 of the Cross-Complaint, except to admit that the Indebtedness is not secured by valid, enforceable, properly perfected liens in those certain Franchise Agreements.

37. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Cross-Complaint and respectfully refers to the Franchisor Certificates referenced therein for the full and complete contents thereof.

38. The Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Cross-Complaint and respectfully refers to the Franchisor Certificates referenced therein for the full and complete contents thereof.

39. Paragraph 39 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Committee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Cross-Complaint. The "Therefore" clause following paragraph 39 states legal conclusions or requests relief and no response is required.

## PRAYER FOR RELIEF

The Committee denies that the Agent is entitled to any form of relief set forth in the "Prayer for Relief" section of the Cross-Complaint and denies all allegations contained therein.

## AFFIRMATIVE DEFENSES

The Committee sets forth below its affirmative defenses to the purported claims of Agent as set forth in the Cross-Complaint. As this juncture, the Committee is without knowledge or information upon which to form a sufficient basis for any additional affirmative defenses. Accordingly, the Committee reserves the right to assert additional affirmative defenses if and when it comes into possession of facts sufficient to assert those affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

1. The Cross-Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Agent's purported claims are barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

3. Agent's purported claims are barred, in whole or in part, by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

4. Agent's purported claims are barred, in whole or in part, by the doctrines of estoppel and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5. Agent's purported claims are barred, in whole or in part, by operation of the controlling statutes of limitation and/or statutes of repose.

## SIXTH AFFIRMATIVE DEFENSE

6. The Committee hereby adopts and incorporates by reference any and all other applicable affirmative defenses not expressly set forth herein but pleaded by any other party in response to the Cross-Complaint.

Dated: July 23, 2018

            BAYARD, P.A.

            By:  */s/ Erin R. Fay*
            Justin R. Alberto (No. 5126)
            Erin R. Fay (No. 5268)
            Evan T. Miller (No. 5364)
            600 N. King Street, Suite 400
            Wilmington, Delaware 19801
            Telephone: (302) 655-5000
            Facsimile: (302) 658-6395
            Email: jalberto@bayardlaw.com
                efay@bayardlaw.com
                emiller@bayardlaw.com

            *Counsel to Intervenor Defendant, the Official Committee of Unsecured Creditors of RMH Franchise Holdings, Inc., et al.*