IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>RMH Franchise Holdings, Inc., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 18-11092 (BLS)<br>Jointly Administered |
| DINE BRANDS GLOBAL, INC.,<br>APPLEBEE'S RESTAURANTS LLC, and<br>APPLEBEE'S FRANCHISOR LLC,<br><br>Plaintiffs,<br><br>v.<br><br>RMH FRANCHISE HOLDINGS, INC.,<br>NULNK, INC., RMH ILLINOIS, LLC,<br>RMH FRANCHISE CORP., and<br>CONTEXT RESTAURANTS, INC.,<br><br>Defendants,<br><br>and<br><br>BANK OF AMERICA, N.A., as Administrative Agent, Collateral Agent and L/C Issuer, and THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>Intervenors. | Adv. Proc. No. 18-50481 (BLS)<br><br>**Re: Docket Nos. 38, 39, 40, 49, 50, 51, 55, 56, 68, 70, 71, & 77** |

## ORDER AND FINAL JUDGMENT

On May 16, 2018, Dine Brands Global, Inc., Applebee's Restaurants LLC, and Applebee's Franchisor LLC (collectively, the "Franchisor") filed *Applebee's Motion to Modify the Automatic Stay* [Docket No. 91] (the "Lift Stay Motion"), seeking a declaratory judgment that the franchise agreements (the "Franchise Agreements") with the above-captioned debtors and debtors in possession (the "Debtors") had terminated prepetition.

1

On May 23, 2018, the Court held a telephonic hearing on the Lift Stay Motion and ruled that the relief requested by the Franchisor was properly presented by way of an adversary proceeding.

On May 25, 2018, the Franchisor commenced this Adversary Proceeding by filing the Complaint [Adv. Docket No. 1], alleging that it had terminated the Debtors' Franchise Agreements prior to the Petition Date.

On June 19, 2018, the Debtors filed the *Debtors' Answer and Counterclaims to Applebee's Complaint* [Adv. Docket No. 7] (the "Answer and Counterclaims"). In the Counterclaims, the Debtors alleged, among other things, that the Franchisor's purported termination of the Franchise Agreements was improper and ineffective.

On July 17, 2018, the Franchisor filed its motion for summary judgment [Adv. Docket No. 38] (the "Franchisor's Motion for Summary Judgment") and accompanying brief [Adv. Docket No. 39] and supporting affidavit [Adv Docket No. 40].

On July 27, 2018, the Debtors filed their cross-motion for summary judgment [Adv. Docket No. 49] (the "Cross-Motion") and brief in support of the Cross-Motion and in opposition to the Franchisor's Motion for Summary Judgment [Adv. Docket No. 50] (the "Debtors' Opening Brief"). The Cross-Motion and Debtors' Opening Brief were accompanied by a number of supporting affidavits [Adv. Docket Nos. 51, 52, 53].

On July 31, 2018, the official committee of unsecured creditors (the "Committee") and Bank of America, N.A. filed joinders to the Debtors' Cross-Motion [Adv. Docket Nos. 55, 56].

On August 10, 2018, the Franchisor filed its reply brief in support of the Franchisor's Motion for Summary Judgment and in opposition to the Cross-Motion [Adv. Docket No. 68].

On August 17, 2018, the Debtors filed their reply brief in support of the Cross-Motion and in opposition to the Franchisor's Motion for Summary Judgment [Adv. Docket No. 71]. The

Committee also filed a response in support of the Cross-Motion and in opposition to the Franchisor's Motion for Summary Judgment [Adv. Docket No. 70].

On September 12, 2018, the Court heard oral argument on the competing motions for summary judgment (the "Summary Judgment Motions") and took the matter under advisement.

On September 25, 2018, the Court issued its *Opinion* [Adv. Docket No. 77] that (i) granted the Debtors' Cross-Motion, (ii) denied the Franchisor's Motion for Summary Judgment, and (iii) requested that the parties confer and submit a form of judgment order consistent with the Court's ruling within seven days.

Upon consideration of the Summary Judgment Motions, pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedures; and upon consideration of the papers filed in support of, and opposition to, the Summary Judgment Motions; and upon all of the proceedings had before this Court, including oral argument on September 12, 2018; and after due deliberation and sufficient cause appearing therefor; and for the reasons set forth in, and in accordance with, the Court's Opinion dated September 25, 2018 [Adv. Docket No. 77],

IT IS HEREBY ORDERED that:

1.     Pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding through Bankruptcy Rule 7056, the Debtors' Cross-Motion for Summary Judgment [Adv. Docket No. 49] is hereby GRANTED with respect to Count VI of the Debtors' Answer and Counterclaims [Adv. Docket No. 7] and all Counts of Franchisor's Complaint [Adv. Docket No. 1].

3

2.	Pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding through Bankruptcy Rule 7056, Applebee's Motion for Summary Judgment [Adv. Docket No. 38] is hereby DENIED.

3.	This Court finding that there is no just reason for delay of entry of a final judgment, pursuant to Bankruptcy Rule 7054(a) and Federal Rule of Civil Procedure 54(b), final judgment is hereby entered for the Debtors and against the Franchisor on Count VI of the Debtors' Answer and Counterclaims [Adv. Docket No. 7] and all Counts of Franchisor's Complaint [Adv. Docket No. 1].

4.	The Court will conduct a further pretrial conference on November 19, 2018 at 10:00 a.m. to discuss an appropriate schedule for the remaining litigation in this adversary proceeding, outstanding or proposed discovery, attorney's fees issues, and any remaining matters.

Dated:	October 10, 2018
	Wilmington, Delaware

By the Court:

BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE